■ FRANK A. BUSCHER, Appellant, v. KARL V. EHRICH, Defendant, and ESTHER M. EHRICH, Respondent.— Order unanimously reversed, with $25 costs and disbursements and motion denied, with $10 costs. Memorandum:

The question presented is whether the defendant, Esther M. Ehrich, was served with the summons in accordance with section 225 of the Civil Practice Act which requires that service "must be made by delivering a copy thereof * * * to the defendant in person". The facts are not in dispute. The process server, after several ineffectual attempts to serve, stopped at the residence of defendant Esther M. Ehrich and her husband. The husband came to the door. Mrs. Ehrich was sitting in the front room about eight feet away and within sight and hearing of the process server and her husband. Mr. Ehrich told the process server that Mrs. Ehrich was "sitting there in the chair." She looked up and the process server told both that he had summonses for them and served two papers on Mr. Ehrich. He then attempted to enter the house by proceeding up the front step but was stopped by Mr. Ehrich. The process server then stated to Mrs. Ehrich that he had a summons for her also. She refused to come to the door although she heard what the process server said. Mr. Ehrich said he would take all the papers and the process server left three summonses with Mr. Ehrich and said that two were for him and one was for Mrs. Ehrich. All this time Mrs. Ehrich was looking at the process server and listening to what was said. It is contended by the respondent that because the paper was not physically handed to Mrs. Ehrich there was no service. We do not agree. Service cannot be evaded by such avoidance and by subsequent reliance upon technicalities. (See *Wright* v. *Bennett*, note in 30 Abb. N. C. 65, affd. 115 N. Y. 645; *Matter of Barbara*, 7 A D 2d 340.) (Appeal from order of Erie County Court vacating a default judgment taken against defendant Esther M. Ehrich.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.