In the Matter of LARRY SHEDLIN, Petitioner, v STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, July 6, 1978

## APPEARANCES OF COUNSEL

*Eisner, Levy, Steel & Bellman, P. C. (Arthur N. Read* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Nigel G. Wright* and *Ruth Kessler Toch* of counsel), for respondent.

## OPINION OF THE COURT

GREENBLOTT, J. P.

On August 4, 1976, respondent issued a determination

which held that petitioner's income was subject to the unincorporated business tax. Petitioner received a copy of the determination on August 7, 1976. On December 2, 1976, petitioner attempted to commence an article 78 proceeding to review the ruling by mailing copies of the notice of petition and petition to the State Tax Commission at its New York office. These papers were received on December 6, 1976. On that same day, an attorney for the State Tax Commission informed petitioner's attorney that the service was invalid since the papers had to be served personally. A process server was sent to the respondent's New York office, but returned to petitioner's attorney's office, stating that he found the office closed at 4:50 P.M. Petitioner's attorney then telephoned the Metropolitan Deputy Tax Commissioner in New York City. He reached a secretary who told him that the office was closed, and that there was no one there authorized to accept service. She stated that although she was unauthorized to accept service, she would accept the papers, place them in a locked file and deliver them to the proper person the next day. She in fact did all this.

Special Term found no evidence in the record that respondent mailed its decision of August 4, 1976 by certified or registered mail (see Tax Law, § 690, subd [a]). Accordingly, the four-month Statute of Limitations began to run on August 7, 1976, the date petitioner received notice. We agree with that ruling.

The court then went on to hold that service was improper because the papers were not delivered to a person authorized to receive process, and redelivery by the secretary to the proper person was insufficient (citing *McDonald v Ames Supply Co.,* 22 NY2d 111). This appeal thus raises the issue whether service on a secretary, who later delivers the papers to the person authorized to receive them, is, under the circumstances of this case, proper service.

Once again we are confronted with the conflict between statutory prescriptions for proper service (failure of compliance being a jurisdictional defect not subject to cure) and equitable considerations of allowing litigants their day in court. The courts have demanded adherence to statutory procedure in order to prevent sloppy service and to insure that defendants receive notice of an action. On the other hand, the courts have excused failure to personally deliver a summons where, for example, a defendant refused to accept

service (e.g., *Buscher v Ehrich,* 12 AD2d 887) or where delivery to the wrong person was "so close both in time and space that it can be classified as part of the same act" *(Green v Morningside Hgts. Housing Corp.,* 13 Misc 2d 124, 125, affd 7 AD2d 708. But see *Ives v Darling* 210 App Div 521).

CPLR 403 (subd [c]) provides that notice of petition shall be served in the same manner as a summons. CPLR 312 in turn provides that personal service upon a commission "shall be made by delivering the summons to any one of the members."

Petitioner's initial service by mail was insufficient to acquire jurisidiction over the State Tax Commission (see *Matter of Harlem Riv. Consumers Coop. v State Tax Comm.,* 44 AD2d 738, affd 37 NY2d 877). Further, in *McDonald v Ames Supply Co.* (22 NY2d 111, *supra),* the Court of Appeals held that where a summons directed to a corporation is left with a receptionist not even employed by the corporation the service does not comply with CPLR 311 since the summons has not been "delivered" to a person authorized to receive service for the corporation. This is so despite the fact that the summons was later delivered by the receptionist to the proper person.

The petitioner contends, nonetheless, that personal delivery was made when the secretary delivered the summons to the person authorized to receive it. Although the numerous authorities which have espoused the familiar rule that redelivery of a summons by the person to whom delivery was erroneously made does not constitute personal "delivery" to the proper person have been reaffirmed by *McDonald (supra),* we believe that the rationale of those cases is inapplicable to the present situation.

We find in this case three factors which when taken together lead us to the conclusion that the requirements of CPLR 312 have been complied with. First, petitioner sought to serve respondent personally, but found its office closed before 5:00 P.M. on a business day. It was not unreasonable to expect the office to remain open until that time. Petitioner thus made a good faith attempt to serve respondent personally. Second, that route having failed petitioner then called another office of respondent and ascertained that a secretary of respondent was still present. His agent went to that office and the secretary, although protesting that she could not accept service, agreed to take the papers, put them under lock and key and deliver them to the proper person the next day. Thus, after being denied the opportunity to hand deliver the summons, pe-

titioner used a method of service designed to insure that the proper person received process. "[T]he process server has acted reasonably and diligently in attempting to fulfill the statutory mandate and under circumstances bringing the questioned process within the purview of the person to be served" *(McDonald v Ames Supply Co., supra,* pp 115-116). Petitioner exhibited diligence on both counts. Third, the method designed to insure receipt succeeded and respondent actually received process. The primary purpose of the statute—to give notice— has not been compromised.

In sum, we believe that on the peculiar facts of this case the legislative prescription for service of process has been complied with, and to reject petitioner's arguments on the grounds that they encourage carelessness or increase the risk of default by those not receiving service is unwarranted. Consequently, we reverse.

The judgment should be reversed, on the law and the facts, without costs; petition reinstated and matter remitted for further proceedings not inconsistent herewith.

MAIN, LARKIN, MIKOLL and HERLIHY, JJ., concur.

Judgment reversed, on the law and the facts, without costs; petition reinstated and matter remitted for further proceedings not inconsistent herewith.