■ R. ARDEN DE VORE, as Limited Administrator of the Estate of GEORGE E. KILLIAN, SR., Deceased, Respondent, v LARRY W. OSBORNE et al., Appellants. (And Four Other Actions.) — Appeals from that portion of an order of the Supreme Court at Special Term, entered March 8, 1979 in Chemung County, which denied the motion of Aero Trucking, Inc., to dismiss for lack of jurisdiction, and from an order of the same court, entered April 16, 1979 in Chemung County, which denied the motion for reargument. Five separate actions for the wrongful deaths of five members of the George E. Killian family were commenced by the service of summonses upon the defendant Osborne's wife and upon the defendant Aero Trucking, Inc. (Aero), through James Micelli at Aero's headquarters in Monroesville, Pennsylvania. The defendants moved to dismiss the actions pursuant to CPLR 3211 (subd [a], par 8) for want of jurisdiction. The plaintiffs did not resist the motion with respect to the defendant Osborne, but strenuously opposed Aero's motion. According to the plaintiffs, its process server, a Deputy Sheriff of Allegany County, went to Aero headquarters in Monroesville and made known to a receptionist or secretary that he would like to be taken to the person in charge and upon whom service of process could be effected. He was advised that the manager was not present, but that a James Micelli was in charge during the manager's absence. At the deputy's asking, he was directed to Micelli and, after apprising Micelli of his mission, the deputy served the summonses upon him. Micelli accepted the summonses and gave no indication that he was not authorized to do so. Aero, in support of its motion to dismiss, offered an affidavit of Micelli wherein he asserted that there was no receptionist on duty when the deputy came to his office to serve him and that he, Micelli, was not a person authorized to receive service of a summons in behalf of the corporation.* Aero contends that since Micelli was not an officer, director, managing or general agent or cashier or assistant cashier (CPLR 311) nor authorized or appointed to receive process according to CPLR 318, the service upon him did not constitute valid service. For some time a conflict has existed between authorities on the one hand who hold that CPLR 311 is to be strictly applied in cases involving redelivery of summonses when service of process is made on a corporation *(Jacobs v Zurich Ins. Co.,* 53 AD2d 524, app dsmd 40 NY2d 844; *Isaf v Pennsylvania R. R. Co.,* 32 AD2d 578) and those which take a more liberal view *(Sullivan Realty Organization v Syart Trading Corp.,* 68 AD2d 756; *Matter of Shedlin v State Tax Comm.,* 62 AD2d 806; *Green v*

---

* Of some significance is the fact that Micelli does not claim to have advised the deputy that he was without authority to accept process. Moreover, Micelli, concededly, promptly turned the summonses over to someone authorized to receive them.

*Morningside Hgts. Housing Corp.,* 13 Misc 2d 124, affd 7 AD2d 708). This apparent conflict has been recently resolved by the Court of Appeals in *Fashion Page v Zurich Ins. Co.* (50 NY2d 265) wherein, after addressing the purpose of CPLR 311, the court liberally construed that section in accordance with the spirit and direction of CPLR 104. After pointing out that the process server cannot be expected to know the corporation's internal practices, the court went on to hold that reliance may be placed on the corporate employees to identify the proper person to accept service. In such circumstances, if service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice, the service should be sustained, and when a corporation is regularly doing business in the State, it generally cannot be heard to complain that the summons was delivered to the wrong person when the process server has gone to its offices, made proper inquiry of the defendant's employees and delivered the summons according to their directions (*Fashion Page v Zurich Ins. Co., supra,* pp 272, 273). At bar, the record reveals that the process server went to Aero's office and inquired of one of its office employees as to the identity and whereabouts of a proper person upon whom process could be served and, after being so informed, he served that person. Objectively viewed, in the light of the circumstances, the service made was calculated to give the corporation fair notice and, in fact, resulted in the immediate redelivery of the summonses to a proper person. Under the circumstances presented here, service must be sustained. Aero further contends that Special Term erred in not ordering an immediate trial of the issues raised by the motion. We disagree. While ordinarily a hearing might be held when affidavits submitted upon a motion are in marked conflict under CPLR 3211 (subd [c]), the question of whether a jurisdictional attack should be considered in a separate hearing in advance of the trial is left to the sound discretion of the trial court (*Usher v Usher,* 41 AD2d 368, concurring opn, p 371). Since the facts elicited herein demonstrate without doubt that service was made on Micelli, that he did not deny that he could accept service of process and that the papers were promptly redelivered to a proper person at Aero, no trial was necessary and Special Term did not abuse its discretion in failing to order one. Lastly, an order denying a motion for leave to reargue a motion to dismiss is not appealable (*Van Dussen-Storto Motor Inn v Rochester Tel. Corp.,* 63 AD2d 244, 250) and an appeal from such an order must be dismissed. Order entered March 8, 1979 denying motion to dismiss for lack of jurisdiction affirmed, and appeal from order of April 16, 1979 denying reargument dismissed, with costs. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.