KENNETH VON THADEN et al., Respondents, v S. J. GROVES & SONS COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Ingraham, J.), entered August 30, 1982 in Schoharie County, which, *inter alia,* denied defendant's motion to dismiss the complaint. On or about the fifth day of March, 1979, plaintiff Kenneth Von Thaden was seriously injured when the automobile he was operating was allegedly caused to leave the highway after striking a pothole. As a result of his injuries, he was, *inter alia,* rendered totally blind. On June 16, 1980, plaintiffs filed a claim against the State in the Court of Claims. After the State, by affirmative defense, alleged that defendant contractor was solely responsible by reason of its road construction contract, this personal injury action and a derivative action were commenced by plaintiffs Kenneth Von Thaden and his wife, respectively, against defendant herein. The summons and complaint were served upon a Mr. Firmstone at defendant's offices in Liverpool, New York, by a deputy sheriff from the Onondaga County Sheriff's Department. Defendant submitted a timely answer and demanded and received a bill of particulars. When the applicable Statute of Limitations had run its course, defendant moved to dismiss the complaint upon the ground that, since service was deficient, the court was without jurisdiction. Plaintiffs cross-moved to strike defendant's affirmative defense of lack of jurisdiction. Special Term denied defendant's motion and granted plaintiffs' cross motion. Defendant appeals from the order of Special Term. Defendant contends that since Mr. Firmstone was neither a person designated in CPLR 311 nor authorized nor appointed to receive process in accordance with CPLR 318, service upon him did not constitute valid service. The deputy sheriff contends that he advised defendant's receptionist of his identity and purpose and was directed to Mr. Firmstone. The receptionist contends that she informed the deputy that there was no one present who was authorized to accept service. Despite this conflict, several facts are undisputed. The deputy went to defendant's main office and identified himself and stated his purpose. He was directed to a Mr. Firmstone by the receptionist. Mr. Firmstone accepted service of the summons and complaint, stamped them received, and initialed the summons without giving any indication that he was one not authorized to accept service of process and promptly delivered the summons and complaint to appropriate corporate authority. While conflict has previously existed as to whether a strict or more liberal application of CPLR 311 was to be applied, the view, favoring the liberal interpretation has prevailed (see *Fashion Page v Zurich Ins. Co.,* 50 NY2d 265). Even if we were to accept the receptionist's version that she advised the deputy that no one authorized to accept service was present, she nonetheless directed the deputy to Mr. Firmstone, who gave every indication that he was authorized to accept service, thus kindling a justifiable belief in the mind of the deputy that Firmstone was clothed with such authority. Under these circumstances, it cannot be said that the deputy acted unreasonably or without due diligence (see *Fashion Page v Zurich Ins. Co., supra*). In spite of defendant's urging to the contrary, we find its reliance on *Colbert v International Security Bur.* (79 AD2d 448, mot for lv to app den 53 NY2d 608) and *Arce v Sybron Corp.* (82 AD2d 308) to be unfounded. In *Colbert,* service was made on the receptionist while in *Arce,* a "low level clerical employee" was the recipient of process. Under these circumstances, it cannot be fairly said that the servers acted in a reasonable

·fashion or with due diligence. Because there were conflicting affidavits submitted upon the motion, a hearing might have been held (CPLR 3211, subd [c]). However, the question of whether a jurisdictional attack should be considered in a separate hearing in advance of trial is left to the sound discretion of the trial court (*De Vore v Osborne,* 78 AD2d 915, 916; *Usher v Usher,* 41 AD2d 368, 371 [Greenblott, J., concurring]). Moreover, since the facts herein demonstrate without doubt that service was made on Firmstone, that he did not deny that he could accept service of process and that the papers were promptly redelivered to a proper person, no trial was necessary and Special Term did not abuse its discretion in failing to order one (*De Vore v Osborne, supra*). Accordingly, the order should be affirmed. Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.