OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs to plaintiff, by reinstating the first and second causes of action of the complaint and, as so modified, affirmed.
In 1978 defendant sold two policies of insurance to Puritan Industries, Inc., a New York corporation, whose princi *874 pal place of business was Auburn, Massachusetts. The first, an all risk policy, provided coverage in the face amount of $1,265,000. The second, entitled a “Comprehensive Dishonesty, Disappearance and Destruction Policy” provided coverage in the face amount of $25,000. Both policies were subsequently assigned to plaintiff. In June, 1980 Puritan notified defendant that it had sustained a loss by theft in March, 1979. Negotiations seeking reimbursement proved unsuccessful and on November 24,1980 plaintiff brought suit on the policies in New York. That action was dismissed because of defective service on defendant. In October, 1982, within six months of the dismissal, plaintiff instituted the present action which is identical to the dismissed action, asserting two causes of action under the all risk policy and a third cause of action under the comprehensive policy. Defendant moved to dismiss pursuant to CPLR 3211, contending the claims were barred by the Statute of Limitations. Special Term dismissed the third cause of action on the comprehensive policy but denied the motion on the first and second causes of action addressed to the all risk policy. The Appellate Division modified by dismissing the complaint in its entirety.
Both policies were sold and delivered in Massachusetts. The pertinent language of the all risk policy provides: “No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred.” (Emphasis added.)
The comprehensive policy contained similar language but it did not limit the two-year period of limitations to actions brought in Massachusetts.
Plaintiff contends that the action is not barred by the two-year policy limitation, that the original action was commenced within two years and inasmuch as this action was commenced within six months of the prior timely action, the present action is timely under CPLR 205. The prior action was dismissed for want of personal jurisdiction, however, and the statute cannot be applied in that circumstance to extend the period of limitations (see Markoff v South Nassau Community Hosp., 61 NY2d 283). If *875 the applicable Statute of Limitations is two years, then plaintiff’s claim is barred because the present action was commenced more than two years after the loss.
Plaintiff contends that the two-year statute does not apply, that because Puritan was a New York resident it was entitled to benefit of the provisions of CPLR 202, and under New York law the applicable period of limitations is the six-year period provided for contracts generally (CPLR 213, subd 2).
Plaintiff asserts this claim as assignee and accordingly, his rights are those of his New York assignor (see United States Fid. & Guar. Co. v Smith Co., 46 NY2d 498). As a New York resident suing in New York he is entitled to the New York statute if it is in fact longer than the Massachusetts statute.
In this case the comprehensive policy established a contractual limitation applicable to actions in Massachusetts and elsewhere which bound the contracting parties. It did not violate the law or public policy of either New York (see Bargaintown, D.C. v Bellefonte Ins. Co., 54 NY2d 700; Proc v Home Ins. Co., 17 NY2d 239) or Massachusetts. Indeed plaintiff concedes the Massachusetts statutes provide for a two-year limitation period for claims to recover on insurance policies. Accordingly, the courts properly enforced the comprehensive insurance contract according to its terms. The provisions of the all risk policy, however, limited the period for suit only for actions instituted within the Commonwealth of Massachusetts. Accordingly, an action lawfully instituted in New York by a New York resident is governed by this State’s six-year statute.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order modified, with costs to plaintiff, in accordance with the memorandum herein and, as so modified, affirmed.