■ MARGARET MARTIN, Appellant, v ARCHWAY INN, Respondent.—Order, Supreme Court, Bronx County (George Postel, J.H.O.; Jack Turret, J.), entered on or about October 24, 1988, which, after a traverse hearing, denied plaintiff's motion to strike defendant's second affirmative defense asserting lack of personal jurisdiction, unanimously reversed, on the law and on the facts, with costs and disbursements, and the motion granted.

This is an action for wrongful death and conscious pain and suffering arising out of the purported sale by defendant, Archway Inn, of intoxicating liquors to persons who allegedly assaulted plaintiff administratrix' husband outside of defendant's bar on or about September 1, 1985, causing his death. The summons and complaint were served upon the barmaid, Maureen Cawley, at defendant's bar. At the time, Ms. Cawley

acknowledged receipt of process by signing a copy of the summons and complaint. Defendant answered the complaint, asserting, as a second affirmative defense, that because of improper service, the court lacked personal jurisdiction over it. When plaintiff moved to strike the defense, a traverse hearing was ordered.

At the hearing, plaintiff's process server testified that when he entered defendant's bar on June 5, 1986 at approximately 2:00 P.M., Ms. Cawley was behind the bar. Only one other person, a patron, was in the premises. According to the process server, he stated, "I have a summons and complaint for the Archway Inn. * * * [C]an you take this summons and complaint?" The process server testified that Ms. Cawley stated, "I'm the manager. I'll take it." The process server also testified that Ms. Cawley gave him the name of the "owner", Mr. Brogan, as well as a telephone number where Mr. Brogan could be reached. The process server never attempted to call Mr. Brogan and left the summons and complaint with Ms. Cawley. Ms. Cawley who, at the time she accepted process, had been employed by defendant for about two years, testified that she could not clearly recall the events of that day, although she did remember that the process server never explained to her what the papers were. In any event, after he left she read them and placed them next to the cash register, where she generally left other papers and receipts. Mr. Brogan testified that Ms. Cawley was only a barmaid but, when asked if he had ever told her that she could accept legal papers, stated, "If I wasn't there, but call me if I was, you know". At another point, Brogan denied ever specifically telling Ms. Cawley that she could accept a summons and complaint for him, although he did concede that he had instructed her that if he were not present, "she could accept the papers" and then call him.

The Judicial Hearing Officer, to whom the matter had been referred to hear and determine, denied the motion to strike, stating that defendant had, by a preponderance of the credible evidence, proved that Ms. Cawley had not been authorized to accept service of process on behalf of the defendant corporation. We reverse.

Personal service upon a corporation may be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service". (CPLR 311 [1].) The parties are in agreement that Ms. Cawley did not hold one of the positions specifically enumerated in

CPLR 311 (1). The statute, however, should not be read in a narrow and overly technical manner; the summons and complaint "may also be delivered to employees of lesser rank who, under a variety of titles, act as managing or general agents for the corporation". *(Fashion Page v Zurich Ins. Co.,* 50 NY2d 265, 271.) As the court noted, "[T]he process server cannot be expected to know the corporation's internal practices. Reliance may be based on the corporate employees to identify the proper person to accept service. In such circumstances, if service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice, the service should be sustained". *(Supra,* at 272.)

We find on this record, contrary to the Hearing Officer's determination, that plaintiff met her burden of establishing personal jurisdiction. The process server testified that she was in charge of the Archway bar; she also represented herself as the manager. And, most significantly, in her testimony, Ms. Cawley never controverted the process server's testimony as to what he was told. Nor did the Hearing Officer find otherwise. In such circumstances, it is of no moment that the process server did not pursue the matter further and contact Mr. Brogan. He had already fulfilled his obligation of assuring that fair notice would be given to the corporation by serving a person who was, by her own account, the manager. In this connection, we note that Ms. Cawley, who signed a copy of the summons and complaint, evidencing receipt thereof, never advised the process server that she was without authority to accept process. This is a factor of "some significance" *(De Vore v Osborne,* 78 AD2d 915, n). In the circumstances presented, we find that plaintiff sustained her burden of demonstrating proper service. Accordingly, the motion should be granted and the second affirmative defense stricken. Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.