■ MARCIE BENWARE, Respondent, v EVERETT SCHOENBORN, Individually and Doing Business as SCHOENBORN BROTHERS FARMS, Appellant. (Action No. 1.) NOEL OSBORN, Respondent, v EVERETT SCHOENBORN, Individually and Doing Business as SCHOENBORN BROTHERS FARMS, Appellant. (Action No. 2.) [604 NYS2d 290] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Prior, Jr., J.), entered November 9, 1992 in

Albany County, which granted plaintiff's motion for leave to serve an amended complaint in action No. 1, and (2) from an order of said court (Keegan, J.), entered May 14, 1993 in Albany County, which granted plaintiff's motion for leave to serve an amended complaint in action No. 2.

Plaintiffs brought these actions, joined for trial by stipulation, to recover for injuries sustained as a result of a motor vehicle accident which occurred on October 30, 1987 in the Town of Earlton, Greene County. Plaintiff Noel Osborn was driving the vehicle, in which plaintiff Marcie Benware was a passenger, when it collided with several horses that had allegedly roamed onto the roadway from a nearby thoroughbred racing stable owned and operated by defendant, Everett Schoenborn.

The complaints, as originally served, named as the sole defendant "Everett Schoenborn, d/b/a Schoenborn Bros. Farm". In August 1990, after Schoenborn was deposed in another action arising out of the same allegedly negligent conduct, plaintiffs' then-attorney requested and was furnished with a copy of that deposition testimony, in which Schoenborn indicated that "Schoenborn Bros. Farm Inc." or "Schoenborn's Farm, Inc.",* a corporation of which Schoenborn was the sole shareholder, was engaged in breeding, raising and racing horses. He also stated that he was the manager of the corporation, the business of which was conducted on a farm owned by him and leased to the corporation. Plaintiffs thereafter moved, separately, to amend their complaints to substitute the corporation as defendant. Supreme Court granted both motions and Schoenborn appeals from both orders on the same ground, namely that the court erred in permitting amendment of the complaint to relate back to the original date of commencement of the action for that amendment sought to add a defendant not named in the original action, and against whom suit would otherwise be barred by the Statute of Limitations.

If a defendant has been misnamed in the caption of the summons and complaint, but has nonetheless been properly served within the limitations period, amendment of the summons and complaint should be allowed in the absence of demonstrated prejudice to a substantial right (see, Connor v Fish, 91 AD2d 744; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C305:4, at 263-265). That is in essence what has happened here. Although

---

* An initial investigation revealed that separate incorporation papers were filed with the Secretary of State under each of these names in early 1985.

the defendant was misnamed, jurisdiction was obtained over the corporation via personal service upon its president, Schoenborn *(see, Luce v Pierce Muffler Shops,* 51 Misc 2d 256, 258, *affd* 28 AD2d 826; *cf., Ryan v Nationwide Mut. Ins. Co.,* 20 AD2d 270, 271-272), and the corporation, as operator of the farm, must have been "fairly apprised that it was the party the plaintiff[s] intended to sue" *(Connor v Fish, supra,* at 744); indeed, the corporation's insurance carrier has been involved in actively defending the suit from its inception. Inasmuch as the putative defendant admits that it will suffer no prejudice as a result, Supreme Court did not err in permitting the amendment nor in allowing the claim to relate back to the date of service of the erroneous summons and complaint upon Schoenborn *(see also, Staheli v Aetna Ins. Co.,* 52 AD2d 754).

Weiss, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the orders are affirmed, without costs.