■ GEM FLOORING, INC., Respondent, v KINGS PARK INDUSTRIES, INC., Appellant, et al., Defendant. [773 NYS2d 442]—

In an action to recover damages for an injury to property, the defendant Kings Park Industries, Inc. appeals (1) from an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 27, 2002, which denied its motion to dismiss the complaint insofar as asserted against it as time-barred, and (2), as limited by its brief, from so much of an order of the same court dated February 10, 2003, as, upon, in effect, granting its motion for renewal and reargument, adhered to its original determination.

Ordered that the appeal from the order dated November 27, 2002, is dismissed, as that order was superseded by the order dated February 10, 2003, made upon renewal and reargument; and it is further,

Ordered that the order dated February 10, 2003, is reversed insofar as appealed from, on the law, upon renewal and reargument, the order dated November 27, 2002, is vacated, the motion to dismiss is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed; and it is further,

Ordered that one bill of costs is awarded to the appellant.

On June 8, 1998, the defendant Kings Park Industries, Inc. (hereinafter Kings Park), allegedly removed drainage facilities near certain property located in Suffolk County where the plaintiff kept inventory and equipment. On June 13, 1998, a rainstorm allegedly caused flooding to this property, and destroyed the plaintiff's inventory and equipment.

On June 7, 2001, the plaintiff filed an action against Kings Park and another defendant to recover damages for an injury to property (hereinafter the first action). On November 8, 2001, the plaintiff commenced the instant action against the same parties reasserting the same claims (hereinafter the second action). Kings Park moved to dismiss the second action insofar as asserted against it as time-barred by the applicable three-year statute of limitations (see CPLR 214 [4]). In opposition, the plaintiff claimed that since the first action was "deemed dismissed" pursuant to CPLR 306-b for failure to file proof of

service within the applicable time limit, it had six months to commence the second action and effect service upon Kings Park pursuant to CPLR 205 (a). The Supreme Court denied Kings Park's motion. Thereafter, Kings Park moved for renewal and reargument. The Supreme Court, upon, in effect, granting Kings Park's motion for renewal and reargument, adhered to its original determination. We reverse insofar as appealed from by Kings Park.

The plaintiff and the Supreme Court erroneously applied the former version of CPLR 306-b. Pursuant to the former version of CPLR 306-b, a plaintiff who filed an action was required to file proof of service within 120 days of the date of filing of the summons and complaint (*see* CPLR former 306-b). "[I]f proof of service was not timely filed, the action was automatically 'deemed dismissed' . . . [and the] plaintiff was free to commence a new action and serve process within a second 120-day period from the date of the automatic dismissal, even if the Statute of Limitations had expired" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 100 [2001], citing CPLR former 306-b [a], [b]).

Under CPLR 306-b, as amended in 1997, a plaintiff must still serve a defendant within 120 days, but the action is no longer "deemed dismissed" if service is not made within that time period (*see Leader v Maroney, Ponzini & Spencer, supra; Hambric v McHugh*, 289 AD2d 290, 291 [2001]). Rather, the statute provides that "the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b). Here, there was no showing in the record that the plaintiff effected service of the first action upon Kings Park within 120 days after the filing of the action, and the plaintiff never moved to extend its time to effect service.

Thus, the plaintiff could not avail itself of CPLR 205 (a) which allows recommencement of a new action where the prior action was timely commenced and terminated "in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits" (CPLR 205 [a]).

Accordingly, the plaintiff's second action, which was commenced after the expiration of the statute of limitations, should have been dismissed as time-barred insofar as asserted against Kings Park (*see* CPLR 214 [4]). Florio, J.P., Schmidt, Mastro and Rivera, JJ., concur.