In the Matter of PANAYIOTIS RODAMIS et al., Respondents, v CRETAN's ASSOCIATION OMONOIA, INC., et al., Appellants. [803 NYS2d 689]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Cretan's Association Omonoia, Inc., dated November 26, 2003, Cretan's Association Omonoia, Inc., Emmanuel Kouroupakis, John Starakis, Agamemnon Stefanakis, John Papasifakis, Iakovos Kaloidas, George Digenakis, Costas Lambrakis, Chris Fasarakis, George Bobolakis, Emmanuel Vasilakis, Manolis Dikonimakis, George Mihelakis, John Tsontakis, Antonios Vomvolakis, Filipakis Vasilios, Evaneglos Verivakis, and Evangelous Kourikakis appeal, by permission, as limited by their brief, from stated portions of an order of the Supreme Court, Queens County, dated February 10, 2005 (Dorsa, J.), which, inter alia, granted that branch of the petition which was to extend the time to serve the order to show cause and the petition pursuant to CPLR 306-b, denied that branch of their cross motion which was to dismiss the proceeding as time-barred, and continued all restraining orders contained in the order to show cause commencing the proceeding.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, that branch of the petition which was to extend the time to serve the order to show cause and the petition pursuant to CPLR 306-b is denied, that branch of the cross motion which was to dismiss the proceeding as time-barred is granted, the petition is denied, the proceeding is dismissed, and the restraining orders contained in the order to show cause commencing the proceeding are discontinued.

A prior CPLR article 78 proceeding seeking the same relief as is sought in this proceeding was dismissed on the grounds of, inter alia, defective service and failure to serve the initiatory papers. The petitioners did not seek leave within that proceeding to extend the time to effect service, under CPLR 306-b. Instead, after the applicable statute of limitations period concededly expired, the petitioners commenced this new proceeding, and sought leave herein to extend the time to effect service. The Supreme Court, inter alia, granted that branch of the petition which was for the extension and denied that branch of the appellants' cross motion which was to dismiss this proceeding as time-barred. We reverse.

The extension of time to effect service in this proceeding should have been denied. After the previous proceeding was dismissed, there no longer was a timely-commenced, pending proceeding in which the petitioners could seek such leave; it was too late to seek leave in this proceeding as it was commenced after expiration of the applicable statute of limitations period (see Donahue v Nassau County Healthcare Corp., 15 AD3d 332 [2005], lv denied 5 NY3d 702 [2005]; Jimenez v City of New York, 13 AD3d 107 [2004]; Gem Flooring v Kings Park Indus., 5 AD3d 542 [2004]; James v Nadal Corp., 290 AD2d 248 [2002]; Hambric v McHugh, 289 AD2d 290 [2001]; Sottile v Islandia Home for Adults, 278 AD2d 482 [2000]).

In light of the foregoing determination, it is unnecessary to address the appellants' remaining contentions. Prudenti, P.J., H. Miller, Spolzino and Lunn, JJ., concur. [See 7 Misc 3d 1013(A), 2005 NY Slip Op 50579(U) (2005).]