In the Matter of DEREK DEMEO, Respondent, v CITY OF ALBANY et al., Respondents, and PHLIP'N SPILL, INC., Doing Business as THE BAYOU CAFÉ, Appellant. [879 NYS2d 840]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Connolly, J.), entered July 8, 2008 in Albany County, which, in a proceeding pursuant to CPLR 3102 (c), among other things, denied the cross motion of respondent Phlip'N Spill, Inc. to vacate a prior order of the court.

In December 2006, petitioner was allegedly injured in a assault that was purportedly captured on various video cameras in the area, including those owned and operated by respondent Phlip'N Spill, Inc. (hereinafter respondent). In an effort to preserve the recordings, petitioner commenced this proceeding by order to show cause and petition against respondent and the other video camera owners. Thereafter, Supreme Court ordered respondent and the others to preserve the video recordings for the dates in question, file copies with the court and provide copies to petitioner's counsel. After respondent failed to comply with the order, petitioner moved to hold it in contempt. Respondent cross-moved to vacate said order, arguing, among other things, that personal jurisdiction over it was never obtained because process had not been properly served. After a traverse hearing, Supreme Court found that jurisdiction had been properly obtained and scheduled a hearing on the contempt motion. In addition, because petitioner had incorrectly named respondent in the captions of the petition and order to show cause, Supreme Court amended the captions to reflect respondent's proper corporate name. Respondent now appeals.

Deferring to Supreme Court's credibility assessments of the witnesses (see Mastroianni v Rallye Glen Cove, LLC, 59 AD3d 686, 687 [2009]), we find the determination that process was properly served to be supported by a preponderance of the evidence (see Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 344 [2003]). Petitioner's process server testified at the hearing that he went to respondent's place of business and served Ron-

ald Lanzetta, an employee of respondent, with the order to show cause and petition. Respondent contends that Lanzetta was not authorized to accept service of process on its behalf. However, according to the process server, Lanzetta was identified by another employee as the "person in charge" and Lanzetta himself claimed to be the manager. Although the process server did not specifically ask Lanzetta if he was authorized to accept service of process, he did tell Lanzetta that he had "legal papers" and Lanzetta agreed to give them to respondent's owner.

On this record, it cannot be said that it was unreasonable for the process server to rely on the identification of Lanzetta as a proper person to accept service (*see Von Thaden v Groves & Sons Co.*, 97 AD2d 677, 677 [1983]). Accordingly, we find that the service was made in a manner which, objectively viewed, was calculated to give respondent "fair notice" (*Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 272 [1980]; *see Mastroianni v Rallye Glen Cove, LLC*, 59 AD3d at 687). Further, considering that the service of process was proper, and there is no evidence that respondent was substantially prejudiced, the court did not err in amending the caption (*see* CPLR 305 [c]; *Benware v Schoenborn*, 198 AD2d 710, 712 [1993]).

In light of the foregoing, it is unnecessary to address petitioner's contention that he was entitled to an adverse inference based on respondent's decision at the hearing to not call certain individuals as witnesses.

Spain, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.