■ ALAN DUNN et al., Appellants, v FRANK PALLETT et al., Defendants, and CHANCE COMPLEX, Respondent. [889 NYS2d 682]—

Cardona, P.J. Appeal from an order of the Supreme Court (Teresi, J.), entered March 3, 2008 in Albany County, which, upon remittal, dismissed the complaint for lack of jurisdiction.

This matter was previously before us (42 AD3d 807 [2007]). As set forth therein, plaintiff Alan Dunn claims that he was seriously injured on June 9, 2001 while a patron at defendant Chance Complex, a nightclub located in the City of Poughkeepsie, Dutchess County. On June 8, 2004, Dunn and his spouse filed a summons with notice with the Albany County Clerk naming "The Chance Complex" and "John Doe" as defendants in a

personal injury action. In August 2004, a summons with notice was served by personal delivery to a woman at the Chance Complex who gave her name and was designated on the process server's affidavit as "Manager." It was later determined that the purported service was effected upon Corrine Gonzalez, an unpaid summer intern.

In August 2004, without leave of court and after the expiration of the applicable statute of limitations, plaintiffs filed an amended summons with notice adding as defendants "6 Crannel Street, LLC," the building housing the Chance Complex, and Frank Pallett, the president of Empire Management & Productions, Inc., the company that purportedly owns and operates the Chance Complex. Thereafter, when defendants failed to appear, plaintiffs moved for a default judgment and defendants cross-moved for an order dismissing the action for, among other things, lack of jurisdiction. Supreme Court granted defendants' cross motion and dismissed the entire action. In doing so, the court held that plaintiffs' August 2004 amended summons with notice was time-barred and that the original summons with notice naming the Chance Complex as a defendant was never properly served pursuant to CPLR 311 (a) (1).

Thereafter, plaintiffs filed a notice of appeal and this Court, noting that plaintiffs did not challenge the dismissal of the amended summons with notice, remitted the matter to Supreme Court for a traverse hearing to determine whether proper service was effected on the remaining defendant, the Chance Complex (42 AD3d at 809). Following that hearing, the court found that service could not be sustained and dismissed plaintiffs' action, prompting this appeal.

To avoid dismissal of this action, plaintiffs were required to prove by a preponderance of the evidence that jurisdiction was obtained over the Chance Complex (see D'Ambra v Haynor, 293 AD2d 858, 859 [2002]). CPLR 311 (a) (1) provides that personal service upon a corporation, foreign or domestic, shall be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." It should be noted, further, that, under appropriate circumstances, service on other employees will be upheld where the process server makes proper inquiry of a defendant's employee and delivers the summons in accordance with his or her direction (see Fashion Page v Zurich Ins. Co., 50 NY2d 265, 271-273 [1980]). As this Court has noted previously, "[t]he Court of Appeals has declined to read the statute in a 'narrow and technical manner', stating instead that the statute should be liberally

construed" (*Marine Midland Realty Credit Corp. v Welbilt Corp.*, 145 AD2d 84, 87 [1989], quoting *Fashion Page v Zurich Ins. Co.*, 50 NY2d at 271).

Here, while plaintiffs concede that Gonzalez was not a managing agent expressly authorized to accept service on behalf of the Chance Complex, they nevertheless maintain that the unopposed proof demonstrates that Gonzalez held herself out to be a managing agent of defendant corporation under circumstances indicating that she had apparent authority to accept service. Specifically, at the traverse hearing, Ashley Fauteux, the process server, testified that she arrived at the Chance Complex at approximately 1:57 P.M. on the date in question. Upon entering, Fauteux was met by Gonzalez who, according to Fauteux, was dressed professionally and was the only person in the building at that time. Fauteux further testified that she explained to Gonzalez that she worked for a professional process serving company and was there to serve legal documents on the Chance Complex. She asked Gonzalez whether she could accept the documents and Gonzalez said that she could. Fauteux then asked for her name and title whereupon Gonzalez told her "Corinne" and stated she was "the manager." Along with Fauteux's testimony, plaintiffs also produced Leo LaPrade, owner of the process serving company herein, who testified that his employees are not told they have to ask individuals for business cards or documentary proof demonstrating capacity to accept service for a corporation. In response, the Chance Complex's sole witness was Pallett, who testified that Gonzalez worked at the Chance Complex during the summer of 2004 as an unpaid intern who performed clerical duties and was not authorized to accept service of process. Notably, Gonzalez was not produced as a witness.*

Thereafter, in dismissing the action, it was noted that Fauteux relied on Gonzalez's statement that she was a manager without probing further by asking for a business card or inquiring into her specific duties. While there are certainly instances where reliance on the direction or assurances of a defendant's employee is not appropriate (*see Fashion Page v Zurich Ins. Co.*, 50 NY2d at 273), we conclude that further inquiry was not mandated by the facts produced at this traverse hearing. Given the apparent authority exhibited by Gonzalez as described by the uncontroverted testimony of Fauteux (*see Eastman Kodak Co. v Miller & Miller Consulting Actuaries*, 195 AD2d 591, 591 [1993]), we instead find that Fauteux's reliance on the represen-

---

* Apparently Gonzalez submitted an affidavit which Supreme Court properly declined to accept into evidence.

tations of Gonzalez was reasonable (*see Matter of DeMeo v City of Albany*, 63 AD3d 1272, 1272-1273 [2009]; *Psathas v Catskill Regional Off-Track Betting Corp.*, 173 AD2d 1070, 1071 [1991]; *Martin v Archway Inn*, 164 AD2d 843, 844-845 [1990]; *De Vore v Osborne*, 78 AD2d 915, 915-916 [1980]).

Accordingly, service upon the Chance Complex is sustained and we remit to Supreme Court for further proceedings.

Mercure, Spain, Kavanagh and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.