█ MICHAEL RINALDI, Appellant, v WILLIAM J. ROCHFORD et al., Respondents. [908 NYS2d 592]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated August 13, 2009, which granted the motion by the defendants pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

Since this action was commenced after the expiration of the statute of limitations, the Supreme Court properly granted the motion by the defendants pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred (*see* CPLR 214 [5]; *Lessoff v 26 Ct. St. Assoc., LLC*, 58 AD3d 610, 611 [2009]; *Tricoche v Warner Amex Satellite Entertainment Co.*, 48 AD3d 671, 672 [2008]; *Gem Flooring v Kings Park Indus.*, 5 AD3d 542, 544 [2004]). Further, CPLR 205 (a) is inapplicable because a prior action seeking identical relief as is sought in this action was properly dismissed for lack of personal jurisdiction (*see Wydallis v United States Fid. & Guar. Co.*, 63 NY2d 872, 874 [1984]; *Hebrew Inst. for Deaf & Exceptional Children v Kahana*, 57 AD3d 734, 735 [2008]; *Levinsky v Mugermin*, 52 AD3d 477 [2008]; *Gem Flooring v Kings Park Indus.*, 5 AD3d at 544).

To the extent that the plaintiff attempted to informally seek leave to effect late service of the original summons and complaint upon the defendants pursuant to CPLR 306-b, that affirmative relief should have been sought in a notice of cross motion to the Supreme Court (*see* CPLR 2215; *Free in Christ Pentecostal Church v Julian*, 64 AD3d 1153, 1154 [2009]) and, in any event, was not available to the plaintiff under the circumstances (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]; *Walker v Chaman*, 31 AD3d 751, 752 [2006]; *Matter of Rodamis v Cretan's Assn. Omonoia, Inc.*, 22 AD3d 859, 860 [2005]; *Smith v Southside Hosp.*, 15 AD3d 387, 388

[2005]; *Winter v Irizarry*, 300 AD2d 472 [2002]). Santucci, J.P., Balkin, Leventhal and Austin, JJ., concur.