# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**36**

**CA 14-00806**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

EVA E. DUNLOP, PLAINTIFF-APPELLANT,

V                                                        MEMORANDUM AND ORDER

SAINT LEO THE GREAT R.C. CHURCH AND CATHOLIC
DIOCESE OF BUFFALO, DEFENDANTS-RESPONDENTS.

---

KEVIN T. STOCKER, TONAWANDA, FOR PLAINTIFF-APPELLANT.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KATIE L. RENDA OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered December 19, 2013. The order, among other things, granted the cross motion of defendant Catholic Diocese of Buffalo to dismiss the complaint against it.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On a prior appeal, this Court granted the motion of defendant Saint Leo the Great R.C. Church (Church) seeking to dismiss the action against it on the ground that plaintiff did not timely serve the complaint after the Church made a demand therefor (*Dunlop v Saint Leo the Great R.C. Church*, 109 AD3d 1120, *lv denied* 22 NY3d 858). Plaintiff subsequently moved for a default judgment against defendant Catholic Diocese of Buffalo (Diocese), and the Diocese cross-moved for an order dismissing the complaint against it for, among other things, lack of personal jurisdiction, asserting that plaintiff never properly effectuated service of process upon it. Supreme Court granted that part of the cross motion and awarded costs to the Diocese. We affirm.

As a preliminary matter, we note that, "[t]o avoid dismissal of this action, plaintiff[] [was] required to prove by a preponderance of the evidence that jurisdiction was obtained over" the Diocese (*Dunn v Pallett*, 66 AD3d 1179, 1180; *see Joseph v Siebtechnik, G.M.B.H.*, 172 AD2d 1056, 1056). In our view, plaintiff failed to meet that burden. Plaintiff contends that she obtained jurisdiction over the Diocese by serving its agent, i.e., the Church, but that contention is without merit. Plaintiff tendered no evidence establishing that the Church is a designated agent for service of process on the Diocese. In addition, plaintiff failed to establish that the Church was the " 'involuntary' agent" of the Diocese for the service of process

inasmuch as she failed to establish " 'such complete control by the [Diocese] over the [Church] that it negates the conclusion that the [Church] is operated as a separate and independent entity' " (*Feszczyszyn v Gen. Motors Corp.*, 248 AD2d 939, 940-941).  We conclude, instead, that the record establishes the Diocese and the Church are separate and distinct business entities (*see Heenan v Roman Catholic Diocese of Rockville Ctr.*, 158 AD2d 587, 588).  Plaintiff's attempt to use Religious Corporations Law §§ 91 and 92 to establish an involuntary agency relationship is unpersuasive inasmuch as those statutes do not confer on the Diocese the requisite complete control over the Church (*see* § 5).

Plaintiff further contends that she obtained jurisdiction over the Diocese by serving counsel for the Diocese, but the record does not contain any proof of such service.  Indeed, counsel for the Diocese submitted an affirmation in which he stated that he "never agreed to accept service of process or any pleadings on behalf of the [Diocese] with respect to [this] matter."

Contrary to plaintiff's further contention, the court properly awarded costs to the Diocese as the prevailing party on the cross motion (*see* CPLR 8106).  In light of our determination, we do not reach plaintiff's remaining contention.

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court