# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**953**
**CA 14-01729**
PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

EVA E. DUNLOP, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

SAINT LEO THE GREAT R.C. CHURCH AND CATHOLIC
DIOCESE OF BUFFALO, DEFENDANTS-RESPONDENTS.

---

KEVIN T. STOCKER, TONAWANDA, FOR PLAINTIFF-APPELLANT.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KATIE L. RENDA OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 1, 2014.  The order granted the motion of defendants to dismiss the action.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint against defendant Saint Leo the Great R.C. Church, and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for injuries that she allegedly sustained when she fell at defendant Saint Leo the Great R.C. Church (Church) on November 1, 2008.  A prior action based on the same occurrence was commenced by summons with notice on the last day of the statute of limitations (hereafter, first action), and Supreme Court denied the motion of the Church seeking to dismiss the first action against it on the ground that plaintiff did not timely serve the complaint after the Church made a demand therefor.  On a prior appeal, this Court reversed that order, granted the motion, and dismissed the first action against the Church (*Dunlop v Saint Leo the Great R.C. Church*, 109 AD3d 1120, *lv denied* 22 NY3d 858) (hereafter, *Dunlop I*).  In another prior appeal, this Court affirmed an order that granted the cross motion of defendant Catholic Diocese of Buffalo (Diocese) seeking to dismiss the first action against it for lack of personal jurisdiction (*Dunlop v Saint Leo the Great R.C. Church*, 125 AD3d 1282) (hereafter, *Dunlop II*).  Less than two months after our decision in *Dunlop I*, but before the entry of the order appealed from in *Dunlop II*, plaintiff commenced the present action against the Church and the Diocese.  Plaintiff now appeals from an order granting defendants' motion to dismiss the present action as time-barred.

Contrary to plaintiff's contention, CPLR 205 (a) does not apply

to render her present action against the Diocese timely commenced. That statute allows the commencement of a new action within six months when the prior action "is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits" (*id.*). We conclude that CPLR 205 (a) is inapplicable to the present action against the Diocese inasmuch as the present action was commenced before the prior action against the Diocese was terminated (*see Gem Flooring v Kings Park Indus.*, 5 AD3d 542, 544). Moreover, the prior action against the Diocese was dismissed for lack of personal jurisdiction (*Dunlop II*, 125 AD3d at 1282-1283), and the statute by its express terms "cannot be applied in that circumstance to extend the period of limitations" (*Wydallis v United States Fid. & Guar. Co.*, 63 NY2d 872, 874; *see* CPLR 205 [a]; *Rinaldi v Rochford*, 77 AD3d 720, 720).

We agree with plaintiff, however, that her present action against the Church was properly commenced pursuant to CPLR 205 (a), and thus that the court erred in granting defendants' motion with respect to the Church. We therefore modify the order accordingly. In cases involving a neglect to prosecute, CPLR 205 (a) does not allow the recommencement of an action when the court in the previously dismissed action "set[s] forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation." Here, we conclude that the conduct set forth in our decision in *Dunlop I* does not demonstrate a general pattern of delay in proceeding with the case (*see* CPLR 205 [a]; *cf. Zulic v Persich*, 106 AD3d 904, 905, *lv denied* 22 NY3d 860).

Finally, although plaintiff contends that costs were erroneously awarded to defendants, we note that the order on appeal does not in fact include an award of costs to them.

Entered: November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court