Steuhl v CRD Metalworks, LLC (2018 NY Slip Op 01529)





Steuhl v CRD Metalworks, LLC


2018 NY Slip Op 01529


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

525293

[*1]JOSEPH STEUHL et al., Appellants,
v
CRD METALWORKS, LLC, Respondent, et al., Defendant.

Calendar Date: January 9, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Steven M. Melley, PLLC, Rhinebeck (Steven M. Melley of counsel), for appellants.
White, Fleischner & Fino, LLP, Mineola (Stuart G. Glass of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Nichols, J.), entered October 5, 2016 in Columbia County, which granted a motion by defendant CRD Metalworks, LLC for dismissal of the complaint against it.
Plaintiff Joseph Steuhl suffered a partial amputation of two fingers while using a log splitting machine manufactured by defendant CRD Metalworks, LLC. In April 2014, Steuhl and his wife, derivatively, commenced this products liability action against defendants by filing a summons and complaint. CRD timely joined issue and raised numerous affirmative defenses, including lack of personal jurisdiction due to improper service of process.
Thereafter, CRD moved for dismissal of the complaint pursuant to CPLR 3211 (a) (8), asserting that Supreme Court lacked personal jurisdiction over it because it was served with a bare summons without the accompanying notice or complaint, in contravention of CPLR 305 (b). Supreme Court ordered a traverse hearing, following which it granted CRD's motion due to improper service of process. Plaintiffs appeal and we affirm.[FN1]
Plaintiffs' argument that CRD waived its personal jurisdiction defense by filing an answer and appearing in the action is patently without merit as CRD objected to Supreme Court's [*2]jurisdiction over it in both its answer and motion to dismiss (see CPLR 320 [b]; 3211 [e]; see generally Matter of Sessa v Board of Assessors of Town of N. Elba, 46 AD3d 1163, 1164 [2007]). As to CRD's personal jurisdiction defense, plaintiffs bore the burden of proof at the traverse hearing to establish, by a preponderance of the evidence, that service was properly effectuated and, in considering whether plaintiffs satisfied such burden, we defer to Supreme Court's credibility assessments (see Carver v Fed. Sav. Bank v Shaker Gardens, Inc., 135 AD3d 1213, 1213 [2016]; Matter of DeMeo v City of Albany, 63 AD3d 1272, 1272 [2009]). During the hearing, Donna Tidings, an employee of the company hired by plaintiffs' counsel to effect service, testified that she received a stapled summons and complaint consisting of 16 pages from plaintiffs' counsel, with instructions to serve both defendants at their places of business in Massachusetts. Tidings forwarded the request to Mike Chapdelaine, a process server, by mailing him a package containing instructions to serve CRD and one copy of the summons and complaint. Unfortunately, Tidings became confused about defendants' respective addresses, incorrectly concluding that both defendants were located at CRD's place of business in Williamsburg, Massachusetts and then directing Chapdelaine to serve both defendants at that location.
Although Chapdelaine initially testified that he complied with these instructions by personally serving the owner of CRD with the summons and complaint, he equivocated in this respect on cross-examination. Indeed, he admitted that he did not recall the specific documents contained in the package, the number of pages in such documents or whether the package contained a complaint. Moreover, he admitted that the affidavit of service was a preprinted form and that the phrase "summons and verified complaint" had been preprinted thereon. The owner of CRD refuted Chapdelaine's testimony, specifically testifying that he was never served with any papers related to the action. However, an employee of CRD clarified that he had been personally served by Chapdelaine, but testified that the package contained only a bare summons consisting of two pages, which he turned over to CRD's insurance broker.
In light of the conflicting testimony, and when deferring to Supreme Court's credibility determinations, we see no reason to disturb the determination that plaintiffs failed to carry their burden of demonstrating proper service by a preponderance of the evidence and that the complaint must be dismissed due to a lack of personal jurisdiction (see Matter of Curto v State of N.Y. Dept. of Pub. Serv., 140 AD3d 1339, 1341 [2016], lv denied 28 NY3d 911 [2017]; Woods v M.B.D. Community Hous. Corp., 90 AD3d 430, 430 [2011]; Matter of Rosenberg v New York State Bd. of Regents, 2 AD3d 1003, 1004 [2003]; compare Matter of DeMeo v City of Albany, 63 AD3d at 1272-1273).
Finally, plaintiffs' claim of judicial bias is unsubstantiated and entirely without support in the record.
Garry, P.J., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The action against defendant Truck & Trailer World was discontinued after plaintiff conceded lack of service upon it.