Kachadourian v Wilkes (2020 NY Slip Op 07972)





Kachadourian v Wilkes


2020 NY Slip Op 07972


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

531392

[*1]Garobed Kachadourian, Appellant,
v
Nancy J. Wilkes, Doing Business as Mcdonalds 4090 Pearsall Street, Respondent.

Calendar Date: November 19, 2020

Before: Garry, P.J., Egan Jr., Aarons and Pritzker, JJ.


Stanley Law Offices, LLP, Syracuse (Robert Quattrocci of counsel), for appellant.
Smith Sovik Kendrick & Sugnet PC, Syracuse (Christopher F. DeFrancesco of counsel), for respondent.



Egan Jr., J.
Appeal from an order of the Supreme Court (Blaise III, J.), entered April 15, 2020 in Broome County, which, among other things, denied plaintiff's cross motion to amend the complaint.
In September 2016, plaintiff allegedly slipped and fell in the bathroom of a McDonald's restaurant located in the Town of Williamson, Wayne County. In August 2019, plaintiff commenced this action against defendant to recover for the injuries that he sustained. Defendant answered, asserting, among other affirmative defenses, a lack of personal jurisdiction and that she is not a proper party because she does not own, operate, maintain or control the business in which plaintiff was allegedly injured. Defendant subsequently moved to dismiss the complaint on the same grounds, contending that "Nancyone, Inc.," a New York corporation for which defendant is a corporate officer, owned and operated the subject McDonald's restaurant and that it had not been properly served with the summons and complaint prior to the expiration of the statute of limitations. Plaintiff cross-moved to amend the complaint to substitute Nancyone for defendant pursuant to CPLR 305 (c) and/or 203 (c) and for an extension of time to serve Nancyone pursuant to CPLR 306-b. Supreme Court denied plaintiff's cross motion, determining, as relevant here, that CPLR 305 (c) was inapplicable to plaintiff's claim as Nancyone was not a misnomer for defendant. Supreme Court further held that the relation back doctrine (see CPLR 205 [c]) did not apply as defendant and Nancyone were not united in interest and that plaintiff did not qualify for an extension of time to serve pursuant to CPLR
306-b. Supreme Court deemed defendant's motion to dismiss to be a motion for summary judgment and granted it, dismissing plaintiff's complaint. Plaintiff appeals.
Plaintiff contends that Supreme Court erred in denying that part of his cross motion that sought leave to amend his complaint pursuant to CPLR 305 (c). We agree. As relevant here, "[i]f a defendant has been misnamed in the caption of the summons and complaint, but has nonetheless been properly served within the limitations period, amendment of the summons and complaint should be allowed in the absence of demonstrated prejudice to a substantial right" (Benware v Schoenborn, 198 AD2d 710, 711 [1993]; see CPLR 305 [c]; Chambers v Prug, 162 AD3d 974, 974 [2018]; Smith v Garo Enters., Inc., 60 AD3d 751, 751-752 [2009], lv dismissed 13 NY3d 756 [2009]).
In support of his cross motion, plaintiff submitted, among other things, the affidavits of the process server who served the summons and verified complaint. According to the affidavits of service, including a supplemental affidavit that was filed in January 2020, defendant and Nancyone were both timely served with process within the applicable limitations period. The process server initially attempted to serve defendant on August 20, 2019 at 12:30 p.m. at the McDonald's where plaintiff was injured. Although [*2]no one at that location was authorized to accept service on defendant's behalf, he was provided with defendant's cell number and was informed that he could effect service at Nancyone's corporate office address located at 218 Ford Street in the Village of Newark, Wayne County. The process server thereafter spoke with defendant on the telephone and was informed that "her father was very ill and near death" and that she was not available to personally accept service. He then proceeded to Nancyone's corporate office and effected service at 1:12 p.m. on August 20, 2019 on Andrew Dusharm, the office manager, who affirmatively indicated that he was authorized to accept service on defendant's behalf.[FN1] Viewing the foregoing circumstances objectively, we are satisfied that the subject service was adequately calculated to, and did in fact, give Nancyone fair notice of the claims against it (see CPLR 311 [a] [1]; Fashion Page v Zurich Ins. Co., 50 NY2d 265, 272-273 [1980]; Matter of DeMeo v City of Albany, 63 AD3d 1272, 1273 [2009]; Benware v Schoenborn, 198 AD2d at 712). Moreover, there is nothing in the record indicating that Nancyone would be prejudiced by permitting plaintiff to amend the caption to correct this misnomer (see CPLR 305 [c]; Duncan v Emerald Expositions, LLC, 186 AD3d 1321, 1323 [2020]).[FN2] Accordingly, we find that Supreme Court should have allowed plaintiff to amend the caption to reflect the proper name of the intended defendant, Nancyone, and deemed the attached amended summons and complaint timely served (see Matter of DeMeo v City of Albany, 63 AD3d at 1273; Benware v Schoenborn, 198 AD2d at 712; compare Fadlalla v Yankee Trails World Tours, Inc., 173 AD3d 1538, 1540 [2019]). In light of our holding, defendant's motion is denied. Finally, plaintiff's contention regarding the applicability of CPLR 203 (c) and/or 306-b has been rendered academic.
Garry, P.J., Aarons and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, defendant's motion denied and plaintiff's cross motion granted.



Footnotes

Footnote 1: Two days later, the process server mailed the summons and complaint to defendant at the same corporate office.

Footnote 2: We note that plaintiff had both notified and been in contact with defendant and Nancyone's insurance carrier as early as March 2019 regarding the subject personal injury claim.