■ 260/261 MADISON EQUITIES CORP. et al., Appellants, v 260 OPERATING, INC., Respondent. [722 NYS2d 19] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered September 6, 2000, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiffs sue to rescind a stipulation entered into between plaintiff 260/261 Madison Equities and defendant in open court, which stipulation purported to settle the parties' dispute as to the amount of rent due defendant from plaintiff. The complaint, however, was properly dismissed since defendant satisfied its burden as summary judgment movant to demonstrate the absence of any factual issue as to the validity of the open court stipulation by making an adequate prima facie showing that the parties' stipulation was not, as alleged by plaintiffs, the product of mutual mistake, and plaintiffs failed to respond with evidence to the contrary. Indeed, the record discloses plaintiffs' counsel admitted that he entered into the stipulation on his clients' behalf after reviewing the relevant documents, and discussing the situation with his clients. Even if he based his decision in part on an interpretation of the letter agreement provided by defendant's executive, any resulting misunderstanding as to the effect of the ensuing clear and unambiguous stipulation is not susceptible of characterization as the consequence of mutual mistake. Stipulations of settlement, especially those entered into in open court, will not be lightly cast aside (*see*, *Weissman v Bondy & Schloss*, 230 AD2d 465, 467, *lv dismissed* 91 NY2d 887) and where, as here, a party seeks to set aside a stipulation on the ground of mutual

mistake it bears the heavy burden of demonstrating that the parties to the challenged stipulation were indeed operating under a mutual misapprehension of fact at the time they entered into the stipulation and that the misapprehension was substantial (*Matter of Gould v Board of Educ.*, 81 NY2d 446, 453; *Vermilyea v Vermilyea*, 224 AD2d 759, 760-761). Here, plaintiffs failed to raise any triable issue of fact respecting the validity of the stipulation they seek to set aside (*see, e.g., Clifton Country Rd. Assocs. v Vinciguerra*, 195 AD2d 895, 897, *lv denied* 82 NY2d 664).

We have reviewed plaintiffs' remaining arguments and find them unavailing. Concur—Nardelli, J. P., Ellerin, Wallach, Buckley and Friedman, JJ.