■ RUPERT JAMES et al., Respondents, v F.E. NADAL CORPORATION, Appellant. [735 NYS2d 533] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about October 4, 2000, which, inter alia, granted plaintiffs' motion for reargument of an order, same Court and Justice, entered on or about April 7, 2000, which granted defendant's motion to dismiss the complaint as time barred, and, upon reargument, denied defendant's motion to dismiss the complaint on statute of limitations grounds, unanimously reversed, on the law, without costs, the motion for reargument denied, the court's prior order reinstated, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

In this action, on November 25, 1998, plaintiffs voluntarily

stipulated to discontinue their initial action, which was commenced eight months earlier, after it appeared that service of the complaint was defective. Thereafter, plaintiffs commenced a second action after the expiration of the statute of limitations and re-served defendant. Although Supreme Court originally granted defendant's motion to dismiss the second action as time barred, upon reargument it vacated the stipulation discontinuing the first action, consolidated the two actions, and concluded that plaintiff had demonstrated good cause for the delay in serving defendant. This was error.

As Supreme Court correctly recognized, an extension of time to serve defendant could only be granted if the first action, which was timely commenced, was pending since the second action was commenced after the expiration of the statute of limitations (*see, Sottile v Islandia Home for Adults*, 278 AD2d 482). While Supreme Court concluded that the stipulation discontinuing the first action should be vacated so as to permit an extension of time to serve defendants, this was error since there was an insufficient basis for vacatur of an otherwise valid stipulation (*see, 260/261 Madison Equities Corp. v 260 Operating*, 281 AD2d 237; *Weissman v Bondy & Schloss*, 230 AD2d 465, *lv dismissed* 91 NY2d 887). Accordingly, there was no basis to grant reargument. Concur—Williams, J.P., Tom, Sullivan, Rosenberger and Friedman, JJ.