■ FRANKYE LEE, Appellant, v COLLEY GROUP MCMONTE-BELLO, LLC, Doing Business as MCDONALD's 03750, Respondent. [934 NYS2d 831]—

Although the 120-day period to serve the defendant pursuant to CPLR 306-b expired on February 22, 2010, the plaintiff made no attempt to serve the defendant during that period. On March 16, 2010, the plaintiff served a copy of the summons with notice upon the defendant through the Secretary of State.

Thereafter, the defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (8) on the ground of lack of personal jurisdiction. In her opposition papers, the plaintiff argued that, in the interest of justice, she should be given additional time to serve her summons with notice.

In the order appealed from, the Supreme Court granted the defendant's motion. We affirm the order insofar as appealed from.

The Supreme Court properly granted the defendant's motion given the plaintiff's failure to effect service upon it (*see* CPLR 306-b; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]). Contrary to the plaintiff's contention, she was

required to serve a notice of cross motion in order to obtain the affirmative relief of an extension of time to serve the summons with notice upon the defendant pursuant to CPLR 306-b (*see DeLorenzo v Gabbino Pizza Corp.*, 83 AD3d 992, 993 [2011]; *Rinaldi v Rochford*, 77 AD3d 720, 720 [2010]; *New York State Div. of Human Rights v Oceanside Cove II Apt. Corp.*, 39 AD3d 608, 609 [2007]; *see also Broser v Dworman*, 78 AD3d 979, 980 [2010]). In any event, the plaintiff did not demonstrate the existence of facts that would support the granting of that relief in the interest of justice (*see Khodeeva v Chi Chung Yip*, 84 AD3d 1030, 1031 [2011]; *Calloway v Wells*, 79 AD3d 786, 787 [2010]; *Varon v Maimonides Med. Ctr.*, 67 AD3d 779, 779 [2009]; *Meusa v BMW Fin. Servs.*, 32 AD3d 830, 831 [2006]; *Smith v Southside Hosp.*, 15 AD3d 387, 388 [2005]).

The plaintiff's remaining contention is without merit. Rivera, J.P., Balkin, Eng and Austin, JJ., concur.