State of New York Mtge. Agency v Braun (2020 NY Slip Op 01107)





State of New York Mtge. Agency v Braun


2020 NY Slip Op 01107


Decided on February 13, 2020


Appellate Division, Second Department


Leventhal, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-12588 
2017-06885
 (Index No. 12921/09)

[*1]State of New York Mortgage Agency, appellant,
v
Yakov Braun, respondent, et al., defendants.



APPEALS by the plaintiff, in an action to foreclose a mortgage, from (1) an order of the Supreme Court (Thomas E. Walsh II, J.), entered October 4, 2016, in Rockland County and (2) an order of the same court entered March 16, 2017. The order entered October 4, 2016, denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the defendant Yakov Braun with the summons and complaint, and pursuant to CPLR 308(5) to direct an alternative method for service of process. The order entered March 16, 2017, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew the prior motion and, in effect, upon reargument, adhered to the original determination.



Rosicki, Rosicki & Associates, P.C., Plainview, NY (Andrew Morganstern of counsel), for appellant.
Jeremy Rosenberg, New York, NY, for respondent.



LEVENTHAL, J.


OPINION & ORDER
On these appeals, we agree with the plaintiff that an extension of time to serve a certain defendant was warranted in the interest of justice. In reaching this conclusion, we reject the view that the motion pursuant to CPLR 306-b to extend the time for service, made in a pending action but after the Supreme Court issued an order granting a motion to dismiss based on lack of personal jurisdiction, should have been denied without consideration of its merits.
Factual and Procedural Background
In December 2009, the plaintiff [FN1] commenced this action to foreclose a residential mortgage against Yakov Braun (hereinafter the defendant) and others. Allegedly, service of the summons and complaint was made on the defendant pursuant to CPLR 308(2) by serving his wife at the subject property on two occasions. Following the defendant's failure to appear in the action or answer the complaint, the Supreme Court issued an order of reference and an amended judgment of foreclosure and sale. The defendant petitioned for relief in the United States Bankruptcy Court, Southern District of New York, but his case was dismissed.
The day before a scheduled foreclosure sale of the subject property, the defendant moved, inter alia, to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The Supreme Court, in an order dated December 17, 2013, inter alia, directed a hearing to determine the validity of service of process. The parties presented evidence at the hearing. However, the plaintiff was unable to present the testimony of the process server because he had died prior to the hearing. Thereafter, the court, in an order entered January 22, 2016, granted the defendant's motion to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
In or around April 2016, the plaintiff moved, among other things, pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint. In an order entered October 4, 2016, the Supreme Court denied the plaintiff's motion. Subsequently, in an order entered March 16, 2017, the court denied that branch of the plaintiff's motion which was for leave to renew the prior motion and, in effect, upon reargument, adhered to the original determination. The plaintiff appeals from the order entered October 4, 2016, and from the order entered March 16, 2017.
This Appeal
The parties dispute, inter alia, whether the Supreme Court correctly denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint.
CPLR 306-b, entitled, "Service of the summons and complaint, summons with notice, third-party summons and complaint, or petition with a notice of petition or order to show cause[,]" provides:
"Service of the summons and complaint, summons with notice, third-party summons and complaint, or petition with a notice of petition or order to show cause shall be made within one hundred twenty days after the commencement of the action or proceeding, provided that in an action or proceeding, except a proceeding commenced under the election law, where the applicable statute of limitations is four months or less, service shall be made not later than fifteen days after the date on which the applicable statute of limitations expires. If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service."
Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time within which to effect service for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31-32). " Good cause' and interest of justice' are two separate and independent statutory standards" (Bumpus v New York City Tr. Auth., 66 AD3d at 31). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service. Good cause will not exist where a plaintiff fails to make any effort at service . . . or fails to make at least a reasonably diligent effort at service. By contrast, good cause may be found to exist where the plaintiff's failure to timely serve process is a result of circumstances beyond the plaintiff's control" (id. at 31-32 [internal citations omitted]).
If good cause for an extension is not established, courts must consider the broader interest of justice standard of CPLR 306-b (see Bumpus v New York City Tr. Auth., 66 AD3d at 32). In considering the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106).
Here, although we reject the plaintiff's contention that it established good cause for an extension (see Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 743), we agree with the plaintiff that an extension of time to serve the defendant with the summons and complaint was warranted in the interest of justice. The action was timely commenced in December 2009, based on the defendant's alleged default that year in paying his indebtedness that was secured by the mortgage. The statute of limitations, however, had expired by the time the plaintiff moved pursuant [*2]to CPLR 306-b to extend the time for service (see Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 744). The defendant had actual notice of the controversy. The Supreme Court, in its order dated December 17, 2013, wrote, among other things, that the defendant "is prepared to say anything and to conceal anything to stave off a foreclosure sale" and that "[i]t is clear that [the defendant] has been well-aware that a foreclosure action was pending. (The day before a previously-scheduled foreclosure sale, [the defendant] filed a Chapter 13 bankruptcy petition)." The plaintiff also demonstrated the existence of a potentially meritorious cause of action, and the lack of identifiable prejudice to the defendant attributable to the delay in service (see Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085-1086). Moreover, as the interest of justice standard permits consideration of "any other relevant factor" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105), we take into account that the process server's death prior to the hearing on the issue of service hampered the plaintiff's ability to meet its burden of proof at that hearing. While the plaintiff's lack of promptness in requesting the extension of time weighs against granting the extension, on a careful analysis of the factual setting of the case and a balancing of the competing interests the parties present, we conclude that an extension of time to serve the defendant with process was warranted in the interest of justice. We note that a plaintiff who believes service was properly made has no incentive to move to extend the time to serve until after it has been found that service was, in fact, deficient.
In concluding that an extension of time to serve the defendant was warranted in the interest of justice, we find unpersuasive the defendant's argument that the plaintiff's motion was properly denied because it was made in an action that was no longer pending.
In Cooke-Garrett v Hoque (109 AD3d 457), decided in 2013, this Court reversed an order that had denied, as untimely, the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the defendant, and remitted the matter to the Supreme Court for a determination on the merits. The Supreme Court had issued an order granting the defendant's motion to vacate his default in appearing and answering the complaint on the ground of lack of personal jurisdiction. However, no judgment dismissing the complaint on the ground of lack of personal jurisdiction was entered. The plaintiff subsequently moved to extend her time to serve the defendant. The Supreme Court denied the plaintiff's motion on the ground that its prior order "had dismissed the [instant] action" and, thus, there was no pending action in which to grant an extension of time for service of process (Cooke-Garrett v Hoque, 109 AD3d at 457). On appeal, however, this Court agreed with the plaintiff's contention that since no judgment had been entered dismissing the action, the action was pending when she moved to extend the time to serve. "An action is deemed pending until there is a final judgment (see CPLR 5011; Paola Vista Clothing v V.R.P. Calzaturificio, 148 AD2d 593, 595; Knapek v MV Southwest Cape, 110 AD2d 928, 929; see generally Siegel, NY Prac § 409 [5th ed])" (Cooke-Garrett v Hoque, 109 AD3d at 457; see generally Towley v King Arthur Rings, 40 NY2d 129, 132 ["A judgment is the law's last word in a judicial controversy, it being the final determination by a court of the rights of the parties upon matters submitted to it in an action or proceeding"]).
This Court recently cited to Cooke-Garrett in US Bank N.A. v Saintus (153 AD3d 1380), decided in 2017. In Saintus, the plaintiff commenced a mortgage foreclosure action. Following a hearing to determine the validity of service of process, in an order entered July 10, 2015, the Supreme Court granted that branch of the motion of the defendant Jean Joseph Saintus which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The Supreme Court concluded that the plaintiff had failed to exercise due diligence in attempting to effectuate service pursuant to CPLR 308(1) or (2) before resorting to affix and mail service pursuant to CPLR 308(4). No judgment dismissing the complaint on the ground of lack of personal jurisdiction was entered. In an order entered October 28, 2015, the court, in effect, denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend its time to serve the summons and complaint upon Saintus. The plaintiff appealed from both orders. This Court, inter alia, reversed the order entered October 28, 2015, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend its time to serve Saintus, and vacated the order entered July 10, 2015. This Court held that the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend its time to serve the summons and complaint upon Saintus in the interest of justice (see US Bank N.A. v Saintus, 153 AD3d at 1381). This Court addressed factors relevant to the interest of justice standard for an extension under CPLR 306-b. Next, this Court determined that the Supreme Court [*3]did not lack jurisdiction to entertain this branch of the plaintiff's motion, stating that "[i]nasmuch as no judgment was entered dismissing the action, the action was pending when the plaintiff moved to extend the time to serve Saintus with process" (US Bank N.A. v Saintus, 153 AD3d at 1382, citing Cooke-Garrett v Hoque, 109 AD3d 457).
As explained in Cooke-Garrett, an action is deemed pending until there is a final judgment. Here, while there was an order granting the defendant's motion to dismiss the complaint insofar as asserted against him, no final judgment had been entered. Therefore, the action was still pending when the plaintiff moved, inter alia, to extend the time to serve the defendant. As our recent precedent, Cooke-Garrett and Saintus, demonstrate, a court may consider the merits of a motion pursuant to CPLR 306-b to extend the time for service, even one made after the granting of a motion to dismiss, so long as the action remains pending. Where the court grants such a motion pursuant to CPLR 306-b to extend the time for service, it would likewise vacate an order granting the earlier motion to dismiss.
We respectfully disagree with our learned dissenting colleagues' conclusion that a motion pursuant to CPLR 306-b to extend the time for service must be denied as untimely if it is made subsequent to the issuance of an order granting a motion to dismiss. "[A] court, in interpreting a statute, should attempt to effectuate the intent of the Legislature. As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [citations and internal quotation marks omitted]). " In construing statutes, it is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning'" (id. at 583, quoting Tompkins v Hunter, 149 NY 117, 122-123).
Certainly, CPLR 306-b, as recited above, provides that if service is not timely effected on a defendant, the court, on motion, must either (1) dismiss the action without prejudice as to that defendant, or (2) on good cause shown or in the interest of justice, extend the time for service.
Notably, however, CPLR 306-b does not provide that a motion pursuant thereto to extend the time for service must be denied as untimely if it is made subsequent to the issuance of an order granting a motion to dismiss, or that a motion pursuant to CPLR 306-b to extend the time for service must be made in any particular time frame. The Legislature could have imposed time limitations in CPLR 306-b had it wished to do so, as it has done so in other statutes (see e.g. CPLR 2221[d][3] ["A motion for leave to reargue: . . . shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry. This rule shall not apply to motions to reargue a decision made by the appellate division or the court of appeals"]; CPLR 3212[a] ["Time; kind of action. Any party may move for summary judgment in any action, after issue has been joined; provided however, that the court may set a date after which no such motion may be made, such date being no earlier than thirty days after the filing of the note of issue. If no such date is set by the court, such motion shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown"]; CPLR 5015[a][1] ["(a) On motion. The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of: 1. excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry"]). Since the Legislature did not impose time limitations in CPLR 306-b, this Court should not read a time limitation into the statute. If the Legislature intended the result espoused by our dissenting colleagues, that a motion pursuant to CPLR 306-b to extend the time for service made in a pending action must be denied as untimely if it is made subsequent to the issuance of an order granting a motion to dismiss, then it is up to the Legislature to amend the statute accordingly.
In Sottile v Islandia Home for Adults (278 AD2d 482), decided in 2000, this Court affirmed the Supreme Court's denial of that branch of the plaintiffs' motion which was pursuant to CPLR 306-b to extend the time to serve the respondents, on the ground that there was no longer an action pending in which relief could be granted. This Court stated that "[a] plain reading of the statute further supports the court's conclusion that the plaintiffs could not seek an extension after the action was dismissed. The statute gives a court the option of extending the time to serve instead of dismissing the action" (Sottile v Islandia Home for Adults, 278 AD2d at 484). "Such a reading is [*4]consistent with the Legislative Memorandum in Support of the 1997 amendment of CPLR 306-b, which contemplates that a motion would be made while an action is pending: under this proposal, there would be no express requirement that a motion to extend the time for service be made within the 120-day period. Indeed, a plaintiff would move to extend the time as a cross motion to a motion to dismiss for failure to timely serve'" (Sottile v Islandia Home for Adults, 278 AD2d at 484, quoting Legis Mem in Support, 1997 McKinney's Session Laws of NY at 2457; see Mem of Off of Ct Admin, 1997 NY Legis Ann at 319.).
Critically, in Sottile, a judgment had been entered dismissing the complaint before the plaintiffs moved pursuant to CPLR 306-b to extend the time for service. That a judgment dismissing the complaint had been entered prior to the plaintiffs' motion in Sottile is critical because, as explained above, an action is pending until a judgment has been entered.
The cases our dissenting colleagues cite to do not compel a contrary conclusion. Granted, this Court's case Broser v Dworman (78 AD3d 979), decided in 2010, appears to support their position. In Broser, the plaintiff moved, inter alia, pursuant to CPLR 306-b to extend the time to serve the supplemental summons and amended complaint on Robert Herskowitz subsequent to the issuance of an order granting Herskowitz's motion to dismiss the amended complaint insofar as asserted against him on the basis that service was improper under CPLR 308. This Court, citing to Sottile, among other cases, held that the "Supreme Court properly denied [the plaintiff's] motion to extend the time to serve process, as, by then, there was no longer any action pending against Herskowitz in which such relief could be granted" (Broser v Dworman, 78 AD3d at 980). This Court added that the "plaintiff's remedy was to have sought the same relief by notice of cross motion at the time of Herskowitz's motion to dismiss" (id.). Broser involved an odd procedural history. In that case, the plaintiff sought an extension of time to serve a party that the plaintiff had been given permission to add as a defendant some six years after the plaintiff commenced the action. Besides, this Court's decision and order does not indicate whether a judgment had been entered in Broser; if no judgment had been entered, then the action was pending at the time of the plaintiff's motion. To the extent Broser holds that a motion pursuant to CPLR 306-b must be denied if it is made subsequent to the issuance of an order granting a motion to dismiss but prior to entry of judgment, Broser should no longer be followed.
In Hambric v McHugh (289 AD2d 290), decided in 2001, the Supreme Court had issued an order granting the defendants' motion to dismiss the complaint, and denying the plaintiffs' cross motion pursuant to CPLR 306-b to extend the time for service. The plaintiffs did not appeal from that order, and instead commenced a second action against the defendants. The defendants then moved in the second action to dismiss the complaint as time-barred. In opposition, the plaintiffs argued that they should be permitted to commence the second action pursuant to CPLR 306-b. The Supreme Court denied the defendants' motion. On appeal, this Court reversed. This Court explained that under CPLR 306-b, as amended in 1997, a plaintiff still must serve a defendant within 120 days, but the action no longer was deemed dismissed if service was not made within that time period. Although the statute gave the court the flexibility to extend the time to serve, "the amended version of CPLR 306-b no longer affords a plaintiff the opportunity to commence a second action concerning otherwise time-barred claims after the dismissal of the first action" (Hambric v McHugh, 289 AD2d at 291). Thus, in Hambric, the "plaintiffs' second action, which was commenced after the expiration of the Statute of Limitations, should have been dismissed as time-barred" (id. at 292). This Court cited Sottile in support of the proposition that "[s]ince the plaintiffs commenced their first action after the amended CPLR 306-b went into effect, the Supreme Court was authorized to extend the plaintiffs' time to effect proper service only as to that timely-filed first action, and only while that first action was still pending" (Hambric v McHugh, 289 AD2d at 291). That quotation implies that the first action was no longer pending in Hambric, where the court had issued an order granting the defendants' motion, inter alia, to dismiss the complaint but there was no mention, in this Court's decision and order, of a judgment having been entered. Our case is different because it does not involve a motion for an extension sought in a second action commenced after the expiration of the statute of limitations.
This Court likewise cited to Hambric and Sottile in Matter of Rodamis v Cretan's Assn. Omonoia, Inc. (22 AD3d 859), decided in 2005. Matter of Rodamis is likewise distinguishable from our case. In Matter of Rodamis, the petitioners commenced a proceeding pursuant to CPLR article 78. That proceeding was dismissed due to, inter alia, defective service and failure to serve initiatory papers. The petitioners did not move pursuant to CPLR 306-b to extend the time to serve. [*5]Instead, after the applicable statute of limitations period expired, the petitioners commenced a new proceeding, and sought leave therein to extend the time to effect service. The Supreme Court, inter alia, granted that branch of the petition which was for the extension and denied that branch of the cross motion which was to dismiss the proceeding as time-barred. On appeal, this Court reversed insofar as appealed from, explaining that after the previous proceeding was dismissed, there no longer was a timely commenced, pending proceeding in which the petitioners could move to extend the time for service. This Court stated that it was too late to move for such relief in the proceeding "as it was commenced after expiration of the applicable statute of limitations period" (Matter of Rodamis v Cretan's Assn. Omonoia, Inc., 22 AD3d at 860).
This Court, citing to Hambric and Matter of Rodamis, said something substantially similar in Walker v Chaman (31 AD3d 751), decided in 2006. However, Walker is distinguishable since the (cross) motion at issue there was one for an extension of time to effect service in the prior action made in the subsequent, time-barred action (see id. at 751 ["The plaintiff's cross motion for an extension of time to effect service in a prior action was properly denied. After the prior action was dismissed, there was no longer a timely-commenced, pending action in which the plaintiff could seek such leave; it was too late to seek leave in this action as it was commenced after the expiration of the applicable statute of limitations period"]).
In Donahue v Nassau County Healthcare Corp. (15 AD3d 332), decided in 2005, this Court cited to Sottile and Hambric regarding the denial of a motion pursuant to CPLR 306-b which was made in an action that was no longer pending. But, in context, it did so in recounting what the Supreme Court had done in an order in a previous action (see Donahue v Nassau County Healthcare Corp., 15 AD3d at 333).
Other cases of this Court that our dissenting colleagues discuss are distinguishable as well. In Lee v Colley Group McMontebello, LLC (90 AD3d 1000), decided in 2011, this Court stated that the plaintiff was required to serve upon the defendant a notice of cross motion pursuant to CPLR 306-b in order to obtain the affirmative relief of an extension of time to serve the summons with notice (see Lee v Colley Group McMontebello, LLC, 90 AD3d at 1000-1001). Lee cited to four cases in support of this proposition. With the exception of Broser, which is cited as a "see also," these cases, DeLorenzo v Gabbino Pizza Corp. (83 AD3d 992, 993); Rinaldi v Rochford (77 AD3d 720, 720); and New York State Div. of Human Rights v Oceanside Cove II Apt. Corp. (39 AD3d 608, 609), concern a party requesting an extension pursuant to CPLR 306-b rather than cross-moving for that relief (see DeLorenzo v Gabbino Pizza Corp., 83 AD3d at 993 ["To the extent that the plaintiff attempted to informally seek leave to effect late service of the original summons and complaint upon the defendant pursuant to CPLR 306-b, that affirmative relief should have been sought in a notice of cross motion to the Supreme Court (citation omitted)]; Rinaldi v Rochford, 77 AD3d at 720 ["To the extent that the plaintiff attempted to informally seek leave to effect late service of the original summons and complaint upon the defendants pursuant to CPLR 306-b, that affirmative relief should have been sought in a notice of cross motion to the Supreme Court and, in any event, was not available to the plaintiff under the circumstances" (citations omitted)]; New York State Div. of Human Rights v Oceanside Cove II Apt. Corp., 39 AD3d at 609 ["The plaintiff, having conceded the impropriety of its service of the summons and complaint, was relegated to seeking an extension of the time to effect service under CPLR 306-b. Rather than making a motion for this relief, the plaintiff, in opposing the defendant's cross motion, inter alia, to dismiss for lack of in personam jurisdiction, merely asked for this extension and argued why it should be granted. This constituted a violation of CPLR 2215, as amended. Since the plaintiff merely requested this relief in its opposition papers, and did not make a motion on notice as defined in CPLR 2211, the plaintiff is not entitled to appeal as of right from the order denying its request to extend the time for service of the summons and complaint" (citations omitted)]). That circumstance, a party informally requesting an extension pursuant to CPLR 306-b rather than making a motion on notice for that relief, is not present in the case at bar.
Our colleagues cite to three Appellate Division, First Department cases: Henneberry v Borstein (91 AD3d 493), decided in 2012; Jimenez v City of New York (13 AD3d 107), decided in 2004; and James v Nadal Corp. (290 AD2d 248), decided in 2002. These cases are persuasive but not binding authority for this Court (see Mountain View Coach Lines v Storms, 102 AD2d 663, 665).
In any event, these First Department cases do not dictate a different conclusion in the case at bar. In Henneberry, the First Department explained that on a motion pursuant to CPLR 306-b [*6]to dismiss a complaint on the ground that service was not made on a defendant, "the express language of CPLR 306-b gives the court two options: dismiss the action without prejudice; or extend the time for service in the existing action" (Henneberry v Borstein, 91 AD3d at 495). This explanation is consistent with the statute. However, as discussed above, the statute does not provide that a motion pursuant to CPLR 306-b to extend the time for service must be denied as untimely if it is made subsequent to the issuance of an order granting a motion to dismiss and prior to the entry of judgment, or that a motion pursuant to CPLR 306-b to extend the time for service must be made in any particular time frame.
In James, the First Department cited to Sottile for the proposition that "[a]s Supreme Court correctly recognized, an extension of time to serve defendant could only be granted if the first action, which was timely commenced, was pending since the second action was commenced after the expiration of the statute of limitations" (James v Nadal Corp., 290 AD2d at 249). In James, the plaintiffs voluntarily stipulated to discontinue their initial action, commenced eight months earlier, after it appeared that service of the complaint was defective. Thereafter, the plaintiffs commenced a second action after the expiration of the statute of limitations and served the defendant again. The Supreme Court granted the defendant's motion to dismiss the second action as time-barred. However, upon reargument, the Supreme Court vacated the stipulation discontinuing the first action, consolidated the two actions, and concluded that the plaintiff had demonstrated good cause for the delay in serving the defendant. The First Department held that the Supreme Court erred in doing so. Although James suggests that there was no first action pending once it was discontinued by stipulation, the decision and order does not indicate whether a judgment had been entered, and the First Department's holding in that case was based on its conclusion that the Supreme Court should not have vacated the stipulation since there was an insufficient basis to vacate an otherwise valid stipulation.
In Jimenez, the First Department cited to Sottile in support of the proposition that "[m]oreover, once the action was dismissed, plaintiff could no longer seek an extension of time to effect service" (Jimenez v City of New York, 13 AD3d at 107). The decision and order in Jimenez does not indicate whether a judgment had been entered, and it gave this rationale about the plaintiff no longer being able to seek an extension once the action was dismissed only after explaining why an extension was not warranted (see id. ["Although extensions of time should be liberally granted on good cause shown or in the interest of justice, plaintiff made no showing of diligence, that the cause of action had merit, that there had been no undue delay in service, or that he had promptly requested the extension of time. Moreover, once the action was dismissed, plaintiff could no longer seek an extension of time to effect service" (citations omitted)]).
In short, the cases that our dissenting colleagues cite to fail to convince us that a motion pursuant to CPLR 306-b to extend the time for service made in a pending action must be denied as untimely if it is made subsequent to the issuance of an order granting a motion to dismiss.
Contrary to the dissent's assertion, we do not espouse a procedure in which a plaintiff may move for an extension pursuant to CPLR 306-b and "simply ignore" (dissenting op. at 23) the issuance of an order granting a motion to dismiss. A plaintiff's delay in moving pursuant to CPLR 306-b to extend the time for service until after the issuance of an order granting a motion to dismiss can be considered as a factor weighing against granting an extension in the interest of justice. Indeed, the Court of Appeals has specifically identified "the promptness of a plaintiff's request for the extension of time" as among the relevant factors in determining whether an extension should be granted in the interest of justice (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106).
However, a plaintiff's delay in moving pursuant to CPLR 306-b to extend the time for service until after the issuance of an order granting a motion to dismiss should not deprive the court of its discretion to extend the time to serve a defendant in a pending action. Although we acknowledge that the better practice would be for a plaintiff to affirmatively seek relief pursuant to CPLR 306-b prior to the issuance of an order granting a motion to dismiss, we believe that the failure to do so does not automatically preclude the court from granting the motion for an extension in an appropriate case. The promptness of a plaintiff's request for the extension of time being a factor supports our view: unlike a plaintiff who knows that service was not effectuated on a defendant and, thus, should promptly move for an extension to serve that defendant, why would a plaintiff who believes that it timely served the defendant move to extend the time for service prior to a court determining that service was, in fact, ineffective?
The dissent fears that our conclusion, that a court should address the merits of a [*7]motion pursuant to CPLR 306-b to extend the time for service made in a pending action, will create further procedural issues. The dissent posits, in part, "[t]he dates of entry of judgment, service of a motion to extend, and entry of any order resolving the plaintiff's motion to extend will become critical in determining the jurisdiction of the motion court or appellate court" (dissenting op. at 22;see dissenting op. at 22 n 3 ["During the pendency of this appeal, nothing is stopping the defendant from entering judgment dismissing the complaint. So, if the clerk enters judgment during the pendency of this appeal, but before this Court's determination of the appeal, what happens then?"]). The dissent's procedural fears are overstated and unfounded. Courts are empowered to vacate orders or judgments on the grounds codified in CPLR 5015(a) as well as for sufficient reason and in the interest of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; Katz v Marra, 74 AD3d 888; see also McMahon v City of New York, 105 AD2d 101, 104 ["Both the trial court and this [C]ourt have inherent power, as well as statutory power under CPLR 5015, to set aside a judgment on appropriate grounds"]). In appropriate instances, an order, or even a judgment, may be vacated where it is inconsistent with the relief being granted.
Our colleagues would deny a plaintiff the opportunity to move to extend the time for service, even in a case like this, where it is undisputed that interest of justice would lie, because the motion is made even a week, or a day, or a minute after the issuance of an order granting a motion to dismiss. The better rule is to allow flexibility for a plaintiff to seek justice rather than rigidly slamming shut the courthouse door on a plaintiff's potentially meritorious action.
We reiterate that this action was timely commenced in December 2009, based on the defendant's alleged default that year in paying his indebtedness that was secured by the mortgage, but the statute of limitations had expired by the time the plaintiff moved pursuant to CPLR 306-b to extend the time for service; that the defendant had actual notice of the controversy; that the plaintiff demonstrated the existence of a potentially meritorious cause of action, and the lack of identifiable prejudice to the defendant attributable to the delay in service; and that the process server's death prior to the hearing on the issue of service hampered the plaintiff's ability to meet its burden of proof at that hearing. While the plaintiff's lack of promptness in requesting the extension of time weighs against granting the extension, on a careful analysis of the factual setting of the case and a balancing of the competing interests the parties present, we conclude that an extension of time to serve the defendant with process was warranted in the interest of justice.
The plaintiff's remaining contentions are without merit.
BALKIN, J.P. and CONNOLLY, J., concur.
ORDERED that the order entered October 4, 2016, is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the defendant Yakov Braun with the summons and complaint, and substituting therefor a provision granting that branch of the plaintiff's motion and vacating the order entered January 22, 2016; as so modified, the order entered October 4, 2016, is affirmed, and the order entered March 16, 2017, is vacated; and it is further,
ORDERED that the appeal from the order entered March 16, 2017, is dismissed as academic in light of our determination on the appeal from the order entered October 4, 2016; and it is further,
ORDERED that the plaintiff's time to serve the summons and complaint upon the defendant Yakov Braun is extended until 120 days after the date of service upon the plaintiff of a copy of this opinion and order with notice of entry; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
BARROS, J. dissents, in part, and votes to affirm the orders entered October 4, 2016, and March 16, 2017, with the following memorandum, in which HINDS-RADIX, J., concurs:
These appeals raise the issue of whether a plaintiff's motion pursuant to CPLR 306-b to extend the time to serve a defendant is timely made after the court has already issued an order [*8]granting that defendant's motion to dismiss the complaint for lack of personal jurisdiction. The plain language and legislative history of CPLR 306-b compel the conclusion that the plaintiff must affirmatively seek an extension of time to serve, at the latest, before the court's determination of the defendant's motion to dismiss.
I. Factual Background
On December 8, 2009, the plaintiff commenced this action to foreclose a mortgage given by the defendant Yakov Braun (hereinafter the defendant). Service of the summons and complaint was alleged to have been made pursuant to CPLR 308(2) by serving the defendant's wife at the subject property on two occasions. The defendant did not appear in the action or answer the complaint. On July 11, 2013, the defendant moved to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, which the plaintiff opposed. In an order dated December 17, 2013, the Supreme Court directed a hearing to determine the validity of service of process.
The hearing on the issue of service was held on June 11, 2015, and August 26, 2015. At the time of the hearing, the plaintiff was unable to produce the process server, as the process server was deceased. The process server's affidavits of service were admitted. Two witnesses testified for the defendant, the defendant's wife and his housekeeper, and they each denied service. Following the hearing, the parties submitted posthearing memoranda. In an order entered on January 22, 2016, the Supreme Court granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction (hereinafter the dismissal order).
Notably, despite the unavailability of its process server and the expiration of the statute of limitations, the plaintiff did not cross-move pursuant to CPLR 306-b to extend the time to serve the defendant prior to the Supreme Court's issuance of the dismissal order. Nor did the plaintiff seek leave to renew or reargue its opposition to the defendant's motion to dismiss, or seek to vacate or appeal from the dismissal order. Instead, by notice of motion dated April 6, 2016, which was more than two months after entry of the dismissal order, the plaintiff moved, inter alia, pursuant to CPLR 306-b to extend the time to serve the defendant. In an order entered October 4, 2016, the court denied the plaintiff's motion as untimely. In an order entered March 13, 2017, the court denied that branch of the plaintiff's motion which was for leave to renew the prior motion and, in effect, upon reargument, adhered to its prior determination. The plaintiff appeals from both orders.
II. The Meaning and Purpose of CPLR 306-b
Current CPLR 306-b provides, in pertinent part, that "[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service."
Citing to the Bill Jacket, the Court of Appeals in Leader v Maroney, Ponzini & Spencer (97 NY2d 95, 104-106) summarized the history and purpose of CPLR 306-b. In 1992, the original CPLR 306-b "transformed New York from a commencement-by-service to a commencement-by-filing jurisdiction" which made the act of filing the point at which an action commenced for statute of limitations purposes (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 100). Under former CPLR 306-b, if the plaintiff failed to file proof of service within 120 days of filing the complaint, the complaint was automatically dismissed (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 100). "The plaintiff was free to commence a new action and serve process within a second 120-day period from the date of the automatic dismissal, even if the Statue of Limitations had expired" (id.)
To ameliorate the harsh consequence of an automatic dismissal, and to relieve plaintiffs of the burden and cost of commencing a new action, the Legislature in 1997 amended CPLR 306-b to eliminate the automatic dismissal, and provide that if service cannot be made within the 120-day period, then the court, upon motion, may either dismiss the action or extend the plaintiff's time to serve (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 100). As set forth in the Bill Jacket, the amendment of CPLR 306-b was intended to (1) eliminate uncertainty as to whether the court has authority to extend the time for service; (2) provide a single mechanism for seeking a time extension; (3) provide a standard for granting the extension; (4) leave to the court's discretion the duration of the extension; and (5) eliminate the burden on counsel to file proof of service and the burden on the clerk to process the filings of proof of service (see Mem of Off of Ct Admin No 97-67R, 1997 NY Legis Ann at 318-319).
The Committee on Civil Practice Law and Rules of the Commercial and Federal Litigation Section noted that "[t]he stated purpose" of the current CPLR 306-b is to eliminate the "unwanted and unnecessary litigation" that occurred under prior CPLR 306-b, and to "simplify procedures without losing the benefits of the commencement by filing system" (NY State Bar Assoc Legis Report, Bill Jacket, L 1997, ch 476 at 10).
In addressing the timeliness of a CPLR 306-b motion to extend the time for service, the Legislative Memorandum explains as follows:
"Also, under this proposal, there would be no express requirement that a motion to extend the time for service be made within the 120-day period. Indeed, a plaintiff would move to extend the time as a cross motion to a motion to dismiss for failure to timely serve. However, the court would consider the plaintiff's diligence in seeking an extension of time in making its decision as to whether the motion should be granted" (Legis Mem in Support, 1997 McKinney's Session Laws of NY at 2457 [emphasis added]; see also Mem of Off of Ct Admin, 1997 NY Legis Ann at 319; Sottile v Islandia Home for Adults, 278 AD2d 482, 484).
For more than a decade after CPLR 306-b was amended, appellate courts interpreted the statutory language to mean that the motion court has "the option of extending the time to serve instead of dismissing the action" (Sottile v Islandia Home for Adults, 278 AD2d at 484; see Henneberry v Borstein, 91 AD3d 493, 495; Broser v Dworman, 78 AD3d 979, 980). "[T]he express language of CPLR 306-b gives the court two options: dismiss the action without prejudice; or extend the time for service in the existing action" (Henneberry v Borstein, 91 AD3d at 495). The Court of Appeals explained that CPLR 306-b "empowers a court faced with the dismissal of a viable claim" the option of granting the plaintiff an extension of time to serve the defendant (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 106 [emphasis added]).
Relying on the above authorities, especially the Bill Jacket, courts have emphasized that, if the 120-day period for service has expired, and the defendant has moved to dismiss the complaint for lack of personal jurisdiction, the plaintiff seeking an extension of time to serve must cross-move for that affirmative relief (see Lee v Colley Group McMontebello, LLC, 90 AD3d 1000, 1000-1001 ["she was required to serve a notice of cross motion in order to obtain the affirmative relief of an extension of time to serve the summons with notice upon the defendant pursuant to CPLR 306-b"]; DeLorenzo v Gabbino Pizza Corp., 83 AD3d 992, 993 ["that affirmative relief should have been sought in a . . . cross motion"]; Broser v Dworman, 78 AD3d at 980 ["The plaintiff's remedy was to have sought the same relief by notice of cross motion at the time of (the defendant's) motion to dismiss]; Rinaldi v Rochford, 77 AD3d 720, 720 [affirmative relief to extend the time for service "should have been sought in a notice of cross motion"]).
This is so because "once the action [is] dismissed, plaintiff could no longer seek an extension of time to effect service" (Jimenez v City of New York, 13 AD3d 107, 107; see James v Nadal Corp., 290 AD2d 248; see also Walker v Chaman, 31 AD3d 751; Matter of Rodamis v Cretan's Assn. Omonoia, Inc., 22 AD3d 859, 860; Donahue v Nassau County Healthcare Corp., 15 AD3d 332; Hambric v McHugh, 289 AD2d 290, 291 [the court is "authorized to extend the plaintiffs' time to effect proper service . . . only while (the action is) still pending"]).
Here, to obtain an extension of time to serve the defendant, the plaintiff's remedy was to cross-move for that relief at the time of the defendant's motion to dismiss (see Broser v Dworman, 78 AD3d at 980; Rinaldi v Rochford, 77 AD3d at 720; Sottile v Islandia Home for Adults, 278 AD2d at 484). The plaintiff's motion, inter alia, to extend the time to serve the defendant, which was made more than two months after the entry of the order directing dismissal of the complaint, was untimely.
III. Cooke-Garrett v Hoque (109 AD3d 457) and US Bank N.A. v Saintus (153 AD3d 1380) were incorrectly decided and should no longer be followed.
In Cooke-Garrett v Hoque (109 AD3d 457) and US Bank N.A. v Saintus (153 AD3d 1380), this Court, in conclusory fashion, held that where a court has issued an order directing dismissal of an action for lack of personal jurisdiction, a plaintiff's motion pursuant to CPLR 306-b for an extension of time to serve the defendant is timely so long as the clerk has not yet entered [*9]judgment on the order dismissing the complaint. In Cooke-Garrett and Saintus, this Court did not provide any explanation for departing from our prior jurisprudence requiring that a plaintiff move for an extension before the court's determination of the defendant's motion to dismiss (see Sottile v Islandia Home for Adults, 278 AD2d at 484).
The holdings in Cooke-Garrett and Saintus are erroneous because, among other reasons: (1) they are contrary to the plain language and legislative purpose of CPLR 306-b; (2) they misapprehend the meaning and significance of orders directing dismissal and judgments; (3) they allow the plaintiff to attack an order directing dismissal of an action without complying with CPLR 2221 or appealing; and (4) they violate the principle of judicial economy.
"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature" (Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 582). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 583). "[T]o interpret a statute where there is no need for interpretation, to conjecture about or to add to or to subtract from words having a definite meaning, or to engraft exceptions where none exist are trespasses by a court upon the legislative domain" (McKinney's Cons Laws of NY, Book 1, Statutes § 76, Comment at 168; see Bender v Jamaica Hosp., 40 NY2d 560).
In requiring a court to entertain the merits of a plaintiff's motion for an extension pursuant to CPLR 306-b made after the court has already granted the defendant's motion to dismiss for lack of personal jurisdiction, this Court in Cooke-Garret and Saintus, and the majority herein, rewrite CPLR 306-b by replacing the word "or" with the word "and," such that the motion court can dismiss the action and later extend the plaintiff's time to serve. Instead of just two options (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 106; Henneberry v Borstein, 91 AD3d at 495), there is this third option.
Although CPLR 306-b does not contain the word "judgment" or "pending action," in Cooke-Garrett and Saintus, this Court determined that the timeliness of a CPLR 306-b motion to extend depends, in part, upon whether and when a clerk enters judgment on an order directing dismissal. Indeed, under the rationale of Cooke-Garrett and Saintus, had the clerk entered judgment sooner, the plaintiff's subsequent motion to extend the time to serve would have been denied as untimely [FN2]. The holdings in Cooke-Garrett and Saintus run contrary to the Court of Appeals' statement in Leader v Maroney, Ponzini & Spencer that CPLR 306-b "empowers a court faced with the dismissal of a viable claim" the option of granting the plaintiff an extension of time to serve the defendant (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 106 [emphasis added]). A court is no longer faced with a dismissal if it has, as here, months before already directed dismissal of the complaint.
The Cooke-Garrett and Saintus rationale derives from a misapprehension of prior caselaw which contrasts the current CPLR 306-b with former CPLR 306-b. In using the phrase "pending action," the earlier cases were merely pointing out that under current CPLR 306-b, a plaintiff must seek an extension of time to serve the defendant in a pending action, as opposed to commencing a new action, which was how a plaintiff obtained an extension under former CPLR 306-b (see e.g. Matter of Rodamis v Cretan's Assn. Omonoia, Inc., 22 AD3d 859; James v Nadal Corp., 290 AD2d 248; Sottile v Islandia Home for Adults, 278 AD2d 482). Those earlier cases were not, as the majority infers, intending to make an esoteric distinction between the legal effect of an order directing dismissal versus a judgment. Thus, parsing out the words "order" and "judgment" from opinions predating Cooke-Garrett to make a point about whether those actions were still pending has no bearing on whether a plaintiff's motion pursuant to CPLR 306-b to extend the time for service is timely. Before this Court's Cooke-Garrett opinion, no appellate court had ever held [*10]that a plaintiff may move to extend the time to serve after the court had already granted the defendant's motion to dismiss. Thus, Broser v Dworman (78 AD3d 979), which expressly held that the plaintiff's motion for an extension was untimely since it was made after an order directing dismissal, is consistent with Sottile v Islandia Home for Adults (278 AD2d 482), even though in Sottile there happened to be both an order directing dismissal and an entry of judgment.
The Cooke-Garrett and Saintus cases misapprehend the nature and significance of orders and judgments. CPLR 5011 provides, in pertinent part, that "[a] judgment is the determination of the rights of the parties in an action or special proceeding and may be either interlocutory or final. A judgment shall refer to, and state the result of, the verdict or decision, or recite the default upon which it is based." Entry of judgment happens when the clerk of the court signs and files the judgment (see CPLR 5016). In some counties, the party who seeks the judgment requests the clerk to prepare and enter the judgment, whereas in other counties, the party prepares the judgment and requests the clerk to enter it (see judgments, http://www.nycourts.gov/courthelp/ goingtocourt/judgments.shtml [last accessed January 29, 2020]).
Entering judgment is a ministerial act, and the content of the judgment is determined by the terms of the court's decision, verdict, or default upon which the judgment is based (see Siegel & Connors, NY Prac § 409 at 791-792 [6th ed 2018]). A judgment is the note upon which enforcement of a decision, verdict, or default lies (see id.).
No less significant, however, is that the court's order, which the judgment merely reflects, establishes the rights of the parties (see id.). It is the court that determines the rights of the parties, not the clerk (see generally Cadichon v Facelle, 18 NY3d 230, 234-235). Until reversed or vacated, an order issued after a hearing on the issue of the validity of service of process directing dismissal of the complaint for lack of personal jurisdiction, is as conclusively determinative on the issue of the court's personal jurisdiction over the defendant as any judgment issued by the court based upon that order (see e.g. Engel v Aponte, 51 AD2d 989, 990; Klein v Gruss & Son, 18 AD2d 1085, 1086; Riley v Southern Transp. Co., 278 App Div 605, 605; see also generally Black's Law Dictionary 1270 [10th ed 2014] [the word "order" "embraces final decrees as well as interlocutory directions (and) commands"]).
The notion that such an order is nondeterminative until such time as a judgment is entered upon it by the clerk defies the expectations of the parties in understanding the status of the litigation. Since the court has determined that it lacks personal jurisdiction over the defendant, the defendant cannot be expected to continue litigating other than through possible renewal or reargument (see CPLR 2221), or a plaintiff's appeal. Thus, as it pertains to determining the timeliness of a CPLR 306-b motion, the distinction between an order directing dismissal of a complaint for lack of jurisdiction, and a judgment of dismissal based upon the same order, is one without a difference.[FN3]
The holdings of Cooke-Garrett, Saintus, and the majority herein operate so that, under the guise of CPLR 306-b, the plaintiff may belatedly seek reconsideration or vacatur of the court's prior order directing dismissal of the complaint. Nothing in the statutory text or legislative history of CPLR 306-b suggests that it may be utilized to attack a prior order directing dismissal without meeting any of the requirements of CPLR 2221, or without appealing. Here, the majority, sua sponte, vacates a dismissal order that the plaintiff never sought to vacate, and which the plaintiff never appealed from.
The rule espoused by Cooke-Garrett, Saintus, and the majority herein will inevitably cause further difficult procedural issues since a plaintiff's motion to extend may be defeated simply by a defendant's visit to the clerk to effect entry of judgment on an order directing dismissal. The dates of entry of judgment, service of a motion to extend, and entry of any order resolving the plaintiff's motion to extend will become critical in determining the jurisdiction of the motion court [*11]or appellate court [FN4]. Indeed, there is no other context in which the clerk's date of entry of an order or judgment is used as either a deadline or a date for computing the timeliness of a subsequent motion or appeal (see e.g. CPLR 2221 [providing that a motion for leave to reargue shall be made within 30 days after service of a copy of the order determining the prior motion and written notice of its entry]; CPLR 5015 [providing that a motion to vacate a judgment or order on the ground of excusable default must be made within one year after service of a copy of the judgment or order with written notice of its entry]; CPLR 5513 [providing, inter alia, that the timeliness of an appeal is computed from the date of service of a copy of the judgment or ordered appealed from and written notice of its entry]).
The majority's assertion that these procedural problems are solved by CPLR 5015 or a court's inherent power to exercise control over its own judgments, is erroneous. In Matter of McKenna v County of Nassau, Off. of County Attorney (61 NY2d 739), the Court of Appeals held that a court's resort to CPLR 5015 to reopen a judgment to "correct a perceived error of law that could have been raised on" an appeal is an abuse of discretion (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739). "A court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through fraud, mistake, inadvertence, surprise or excusable neglect" (id. at 739 [alterations and internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 692). Here, the court ordered dismissal of the complaint after considering two rounds of briefing, and upon conducting a hearing on the issue of service in which the plaintiff fully participated. The plaintiff could have sought reargument or appealed from the dismissal order, but did neither. According to the procedure condoned by the majority, the plaintiff may simply ignore the order directing dismissal of the complaint, and move for an extension pursuant to CPLR 306-b. Upon granting the plaintiff's motion, the motion court or this Court could then vacate any judgment entered upon the order directing dismissal of the complaint using its "inherent power to exercise control over its judgments." This convoluted procedure is not supported by the text and legislative intent of CPLR 306-b or CPLR 5015.
Finally, interpreting the statute to allow a plaintiff to move for an extension after the court has issued an order granting the defendant's motion to dismiss, violates the principle of judicial economy, and undermines CPLR 306-b's express statutory purposes to eliminate "unwanted and unnecessary litigation" and "simplify procedures" (NY State Bar Assoc Legis Report, Bill Jacket, L 1997, ch 476 at 10). Instead of a single round of motion practice dedicated to service of process issues, the court and the parties are now compelled to engage in a second round of motion practice on the often-difficult question of whether an extension of time to serve a defendant is warranted for
good cause or in the interest of justice [FN5]. Given the situation, as here, where a plaintiff inexplicably delayed in moving to extend the time to serve until months after the court issued its order directing dismissal, any determination by the court granting the plaintiff's motion will likely give rise to a difficult appellate issue.
Much of this motion and likely appellate practice could be avoided by properly [*12]interpreting the statute to require a plaintiff to affirmatively seek an extension of time to serve a defendant in response to that defendant's motion to dismiss. In such a way, the court can consider, in a single round of motion practice, the two options set forth in CPLR 306-b.
The majority asks, "why would a plaintiff who believes that it timely served the defendant move to extend the time for service prior to a court determining that service was, in fact, ineffective?" (majority op at 13). The answer is simple: to avoid a dismissal in the event that the court determines that service was ineffective. For example, here, when the defendant moved to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, caution would dictate that the plaintiff cross-move for an extension of time to serve the defendant since the plaintiff was on notice that its process server died, and the statute of limitations was about to expire.
Even so, the majority's question raises a valid concern, that is, whether the plaintiff should be permitted to seek an extension of time to serve a defendant once it is apprised of the court's determination that its prior service attempt was invalid. CPLR 306-b permits the plaintiff to seek an extension of time to serve a defendant in situations, inter alia, where, as here, the defendant contests the validity of the plaintiff's service attempt and seeks dismissal of the complaint. As stated at the outset of this dissent, a plaintiff's motion to extend the time to serve the defendant need only be made, at the latest, before the court orders the dismissal of the complaint, not necessarily before the court's determination on the issue of the validity of the plaintiff's service attempt. Although courts often determine that service was invalid within the same order granting dismissal of the complaint for lack of personal jurisdiction, the plaintiff here does not argue that, under the circumstances of this case, the Supreme Court deprived it the opportunity to move for an extension before ordering the dismissal of the complaint. Such an argument, in any event, would be more appropriately cited as a ground supporting a motion for leave to reargue (see CPLR 2221).
IV. Conclusion
In sum, moving for an extension of time to serve a defendant in response to a defendant's motion to dismiss is not only the better practice, it is the practice that the Legislature envisioned when the statute was enacted (see Legis Mem in Support, 1997 McKinney's Session Laws of NY at 2457 ["Indeed, a plaintiff would move to extend the time as a cross motion to a motion to dismiss for failure to timely serve"]; Sottile v Islandia Home for Adults, 278 AD2d at 484). Since the plaintiff first moved for an extension of time to serve the defendant more than two months after entry of the order granting the defendant's motion to dismiss, the Supreme Court properly denied the plaintiff's motion as untimely.
ENTER:
Aprilanne Agostino
Clerk of the Court



Footnotes

Footnote 1:The plaintiff, the State of New York Mortgage Agency, provides financing and programs designed for first-time and low-income homebuyers, and is part of the State's affordable housing agency (see https://hcr.ny.gov/hcr-overview [last accessed January 29, 2020]).

Footnote 2:The majority asserts that a rule which requires the plaintiff to cross move to extend the time to serve in response to a motion to dismiss for lack of timely service "rigidly slam[s] shut the courthouse door on a plaintiff's potentially meritorious action" (majority op. at 14). However, as explained herein, the rule that the majority espouses also slams the door shut on plaintiffs, except the door-slamming occurs on the arbitrary date when the clerk enters judgment on the order of dismissal.

Footnote 3:The majority's reliance upon Towley v King Arthur Rings (40 NY2d 129) is misplaced. That case holds that, in interpreting out-of-state law for purposes of applying it in a New York action, courts should rely upon out-of-state judgments, as opposed to out-of-state opinions. It does not address the legal effect of an order dismissing the complaint for lack of personal jurisdiction issued in the very action before the court.

Footnote 4:If the clerk enters a judgment dismissing the complaint on the same date that the plaintiff serves its motion to extend the time to serve, is the plaintiff's motion still timely? If the clerk enters judgment after the plaintiff serves its motion, but before the motion court's determination of the plaintiff's motion, would the court's granting of the plaintiff's motion be null and void, or would it supersede and require vacatur of the judgment? If the clerk enters judgment dismissing the complaint after the court issues an order denying the plaintiff's motion to extend, but before the plaintiff files an appeal from that order, would the Appellate Division have jurisdiction to consider the appeal from the denial of the plaintiff's motion to extend? During the pendency of this appeal, nothing is stopping the defendant from entering judgment dismissing the complaint. So, if the clerk enters judgment during the pendency of this appeal, but before this Court's determination of the appeal, what happens then?

Footnote 5:There may even be a third round of motion practice if the clerk enters judgment dismissing the complaint while the issue of an extension is being considered.