Poyser v JCF Trucking Corp. (2020 NY Slip Op 03557)





Poyser v JCF Trucking Corp.


2020 NY Slip Op 03557


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-08375
 (Index No. 516067/16)

[*1]Dneille Poyser, et al., respondents,
v
JCF Trucking Corp., et al., appellants, et al., defendants.


Mintzer, Sarowitz, Zeris, Ledva & Meyers, LLP, New York, NY (Allen Kohn of counsel), for appellants.
Cellino & Barnes, P.C., Garden City, NY (John E. Lavelle of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants JCF Trucking Corp. and Antonio Acosta appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated June 5, 2019. The order, insofar as appealed from, granted the plaintiffs' motion pursuant to CPLR 306-b for an extension of time to serve those defendants with the summons and complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 16, 2014, the plaintiffs allegedly were injured in a motor vehicle accident involving, inter alia, a vehicle operated by the defendant Antonio Acosta and owned by the defendant JCF Trucking Corp. (hereinafter JCF, and hereinafter together with Acosta, the defendants). On September 13, 2016, the plaintiffs commenced this action. By notice of motion dated August 15, 2017, the plaintiffs moved for leave to enter a default judgment against the defendants, submitting affidavits of service for both JCF and Acosta. In an order dated October 26, 2017, the Supreme Court denied the plaintiffs' motion on the grounds that JCF was not properly served and the plaintiff failed to file an affidavit of non-military service as to Acosta. In a stipulation dated March 13, 2018, the time for Acosta and JCF to answer the complaint was extended to April 13, 2018, and the defendants waived all personal jurisdictional defenses. The stipulation was executed on behalf of the defendants by a person affiliated with their insurance carrier.
Thereafter, the defendants filed an answer asserting, inter alia, lack of personal jurisdiction as an affirmative defense. The defendants subsequently moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them. By notice of cross motion dated October 23, 2018, the plaintiffs cross-moved to dismiss the defendants' affirmative defense of lack of personal jurisdiction, based on the March 13, 2018, stipulation. In an order dated February 6, 2019, the Supreme Court granted defendants' motion to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and denied the plaintiffs' cross motion to dismiss that affirmative defense.
By notice of motion dated April 8, 2019, the plaintiffs moved pursuant to CPLR 306-[*2]b for an extension of time to serve the complaint on the defendants. The Supreme Court granted the motion, finding that the plaintiff established its entitlement to an extension of time under both the "good cause" and "interest of justice" standards set forth in CPLR 306-b. The defendants appeal and we affirm.
A court may, in the exercise of its discretion, extend a plaintiff's time to serve a complaint "upon good cause shown or in the interest of justice" (CPLR 306-b; State of NY Mtge. Agency v Braun, 182 AD3d 63, 66; Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31-32). " Good cause' and interest of justice' are two separate and independent statutory standards" (Bumpus v New York City Tr. Auth., 66 AD3d at 31). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service. Good cause will not exist where a plaintiff fails to make any effort at service . . . or fails to make at least a reasonably diligent effort at service. By contrast, good cause may be found to exist where the plaintiff's failure to timely serve process is a result of circumstances beyond the plaintiff's control" (id. at 31-32 [citations omitted]). In considering the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106).
Here, we agree with the Supreme Court's determination that the plaintiffs were entitled to an extension of time to serve the defendants under either the good cause standard (see Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085) or the interest of justice standard (see State of New York Mtge. Agency v Braun, 182 AD3d at 67; Furze v Stapen, 161 AD3d 827, 828).
DILLON, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court